**Johnny Lee TONEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–88–00233–CR.**

Court of Appeals of Texas, El Paso.

Jan. 3, 1990.

Discretionary Review Refused April 11, 1990.

Allen R. Stroder, Odessa, for appellant.

Gary Garrison, Dist. Atty., Odessa, for appellee.

Before OSBORN, C.J., and KOEHLER and WOODARD, JJ.

## OPINION

KOEHLER, Justice.

Appellant entered a plea of guilty before a jury to the charge of delivery of cocaine. He also entered pleas of true to two enhancement paragraphs, alleging prior convictions for burglary and delivery of heroin. His punishment was assessed by the jury at confinement for life in the Texas Department of Corrections. We affirm.

The sole point of error raised on appeal asserts that the Appellant was denied effective assistance of counsel at trial. Appellate counsel identifies the following factors as substantiating his claim:

(1) Appellant and trial counsel unsuccessfully sought trial court permission for withdrawal of counsel on the day of trial, Appellant expressing his belief that counsel was not sufficiently familiar with the case to provide adequate representation;

(2) The State erroneously responded to a pretrial discovery order by sending the discovery materials to prior retained counsel, not the actual trial counsel;

(3) Trial counsel conducted no voir dire of the jury panel;

(4) Trial counsel asked no questions of the State's witnesses other than an inquiry of the DPS chemist for a weight comparison of the seized cocaine to some everyday object more familiar to the jury (chemist's answer was a paper clip);

(5) Trial counsel's punishment argument was only fourteen lines in length.

The record does not expressly support appellate counsel's assertion that, due to the failure to receive the discovery materials, trial counsel "was unable to conduct a factual investigation into the case." In fact, at the hearing on the motion to withdraw, counsel stated that he was prepared and ready to go to trial. He was appointed six weeks prior to trial. He had received a copy of the laboratory report. During admonishments as to the consequences of a guilty plea, counsel stated that he had the opportunity to discuss the case with Appellant. During later testimony by Appellant, outside the presence of the jury, it was disclosed that counsel had several interviews with his client at which trial strategy was discussed.

The State's case consisted of one undercover officer who accepted delivery of the cocaine from the Appellant, a second surveillance officer who confirmed identity of the participants, and DPS Chemist Burgess Cooke. Three penitentiary packets were introduced reflecting three prior felony convictions in Ector County (burglary, delivery of heroin and theft).

Both sides have, of course, cited the present standard of review for claims of ineffective assistance of counsel—the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d

674, (1984). We also note the subsidiary doctrines precluding reversal on a purely retrospective analysis, precluding reassessment of colorable (albeit unsuccessful) tactical decisions and imposing a duty of reasonable, not perfect, representation. Finally, we emphasize that the burden of proof under both prongs of *Strickland* is upon the Appellant.

This Court has experienced growing concern over the increased frequency of ineffective assistance of counsel complaints and the manner of their development for proper appellate review. The various review doctrines recited in *Strickland* reflect both the importance of providing adequate representation and the importance of avoiding too cavalier a standard in retrospectively assessing the performance of trial counsel under what even a simple statistical analysis would show to be an extremely adverse tactical circumstance. When the issue of ineffective assistance is developed by post-trial evidence, both of these goals may be attained. When the issue is not fully explored, the appellate court is left to speculate in a manner which may not *substantively* further either policy. Of course, the degree to which the issue is pursued by post-verdict evidence is in the hands of the defendant, as is the appellate burden of proof. A defendant proceeding solely on the basis of a bare prejudgment statement of facts does so at his peril. Looking at such a limited development, appellate judges must invariably question if they are confronted with a prospectively hopeless case for the defense, a recalcitrant defendant and an attorney who simply cannot bring himself to sign a frivolous appeal brief. Or are they confronted with a trial attorney in a hopeless cause tactically laying the groundwork for a subsequent complaint of ineffective assistance? We are not suggesting that either is the case before us now, but these possibilities, not beyond reasonable contemplation, highlight the difficulty of assessing trial counsel performance under *Strickland* from a "bare bones" record. That is particularly true in a case such as the one before us where trial counsel is charged not with affirmative error but with sins of omission. See

*Ex parte Duffy,* 607 S.W.2d 507, 513 (Tex. Crim.App.1980). From this record we cannot tell what investigation was or was not conducted by counsel in advance of trial. We cannot tell exactly how many interviews took place between counsel and client, how long they took or what analysis or advice was offered by counsel. We cannot eliminate the possibility that certain of the asserted omissions were tactical in nature, and if they were, whether they were colorable or frivolous in concept. This includes the areas of voir dire and jury argument. We judicially notice trial counsel's years of practice in the county of conviction. We further recognize the vast difference between an attorney selecting and arguing before an anonymous jury drawn from a large metroplex such as Dallas or Houston and one appearing before a panel from his own small hometown.

There may or may not have been ineffective assistance of trial counsel. We cannot tell from the record. The complaints raised in Appellant's brief and the record before us do not present any lapses which can be considered ineffective assistance per se. Beyond that, the record is simply inadequate to satisfy either prong of the *Strickland* test. See *Derrick v. State,* 773 S.W.2d 271, 283 n. 11 (Tex.Crim. App.1989) (Clinton, J. dissenting); *Lewis v. State,* 711 S.W.2d 41 (Tex.Crim.App.1986). In reaching this conclusion, we wish to emphasize that Appellant has not only failed to satisfy the test of *Strickland* but has also failed to meet the preservation of error requirement in Tex.R.App.P. 30(a). In criminal cases, a motion for new trial is not required "[e]xcept to adduce facts of a matter not otherwise shown on the record." While in some rare instances, harmful lapses on the part of trial counsel may be sufficiently shown in the trial record without subsequent evidentiary hearing, in the vast majority of cases a motion for new trial hearing will be required to provide an adequate evidentiary basis for appellate analysis under *Strickland.* Otherwise, complaint on direct appeal will be fruitless and the defendant will be left to his post-conviction habeas corpus remedies as in

*Duffy.* Appellate counsel in this case was appointed on the same day that sentence was pronounced and, therefore, had the opportunity to utilize a new trial hearing for the purpose of developing evidence to support the ineffective assistance complaint. No such effort was made. Point of Error No. One is overruled.

The judgment is hereby affirmed.