**Garry Michael CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–96–008 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Feb. 27, 1997.

Decided Aug. 27, 1997.

John Henry Tatum, II, Tatum & Tatum, Lufkin, for appellant.

Clyde M. Herrington, Dist. Atty., David V. Wilson, II, Asst. Dist. Atty., Lufkin, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This is an appeal from a conviction of the felony offense of sexual assault of a child. Appellant pleaded not guilty to the charge and was tried before a jury and found guilty. The court assessed punishment at twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice. A motion for new trial was filed, and said motion was denied by the trial court. Notice of appeal was timely filed.

Appellant was employed as a counselor at the Angelina Transition Center, Wilderness Challenge Program, a division of the Burke Center, known as Deep East Texas Regional Mental Health Mental Retardation Center (MHMR). In July 1995, a group of young teenage girls, accompanied by two supervisors from the Sandy Brook Treatment Facility in Henderson, arrived to participate in the wilderness challenge course. Sandy Brook is a girls' home, caring for troubled girls.

When the girls arrived at the camp on July 17, 1995, appellant was the only employee on the premises. At that time all paperwork was completed, and a briefing was held pertaining to the wilderness challenge course. Later that night, appellant offered one of the girls ("B.M.") some cigarettes; the victim ("K.S.") and B.M. went to appellant's cabin and smoked the cigarettes he offered them. At that time, as reflected in the record, he began to stroke their backs and perform other inappropriate acts. Later, B.M. and K.S. went to a campfire area which was away from the cabins. Soon after, appellant came to the campfire area. He sat down between B.M. and K.S. and began rubbing B.M.'s leg.

B.M. then returned to her cabin, leaving K.S. alone with appellant. Appellant made improper advances, performed oral sex on K.S., and attempted to have sexual intercourse with her. K.S. returned to B.M.'s cabin and in a note to B.M. revealed what had happened. The next morning, B.M. informed the Sandy Brook staff about the occurrence, whereupon the staff called K.S. in to talk to them and confronted appellant with the accusation. The staff then packed up all the girls, returned to Henderson, and reported the incident to Henderson authorities.

Appellant complains of three points of error: (1) the trial court abused its discretion by allowing direct testimony on leading questions, resulting in fundamental error; (2) improper jury argument was made by the district attorney; and (3) appellant was deprived of reasonably effective assistance of counsel at trial.

## LEADING QUESTIONS— CHILD WITNESSES

 In his first point of error, appellant argues the trial court abused its discretion in allowing direct testimony on leading questions. Leading questions should not be used on direct examination except as may be necessary to develop testimony. TEX.R.CRIM. EVID. 610(c). Permitting leading questions lies within the sound discretion of the trial court. *Newsome v. State*, 829 S.W.2d 260, 270 (Tex.App.—Dallas 1992, no pet.).

 In cases dealing with child witnesses, the rule against leading questions is somewhat relaxed. *Moon v. State*, 856 S.W.2d 276, 279 (Tex.App.—Fort Worth 1993, pet. ref'd). The asking of leading questions will seldom be a ground for reversal especially where a child is testifying. *Uhl v. State*, 479 S.W.2d 55, 57 (Tex.Crim.App. 1972). Here, the questions in many instances were leading; however, this was obviously a troubled young girl, as evidenced by the fact that she had been in custody of the State for over two years, and the normal custody period for such troubled girls was about six months. In jury argument, appellant himself urged that everyone counseled by appellant was "unstable" and "unpredictable" or "they wouldn't be there [in the Sandy Brook treatment facility]."

This young girl was cross-examined extensively and much the same testimony was again elicited. In *Trevino v. State*, 783 S.W.2d 731, 733 (Tex.App.—San Antonio 1989, no pet.), the court found the appellant was not prejudiced as a result of leading questions where substantially the same testimony was elicited by appellant's counsel on cross-examination.

Further, the jury is the trier of fact, the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App.1981). The jury may accept or reject all or any part of the testimony. *Id.* Contradictions in the evidence are reconciled by the jury and will not result in reversal so long as there is enough credible testimony to support the verdict. *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App. 1982). Additionally, the jury may use "common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence." *Wawrykow v. State*, 866 S.W.2d 87, 88–89 (Tex.App.—Beaumont 1993, pet. ref'd). Here, under all the circumstances, the trial court acted within its discretion in overruling trial counsel's objections and allowing the leading questions. Point of error one is overruled.

## IMPROPER JURY ARGUMENT

In his second point of error, Appellant complains of improper jury argument by the prosecutor. Specifically, he alludes to the following comments by the prosecutor during jury argument:

> You have an opportunity here to put a stop to this man, to get him out of this field of counselor of little teenage girls. To get him out of taking care of young women in this way because all we're doing by keeping him out on the streets and keeping him in this profession is throwing victims to him. How many more victims do you have to hear about before you want to put a stop to it? Do I have to bring you a fifth victim, a sixth victim, or seventh victim?

. . . .

Why would an innocent man tell this litany of lies? Innocent man wouldn't do that, therefore, it is almost like he has confessed. The very fact he has had to come in here and lie to you is like he confesses guilt of this offense.

 In order to preserve error committed during jury argument, a defendant must object and receive a ruling on the objection. *See* Tex.R.App. P. 52(a). If the objection is sustained, the defendant should then request an instruction to disregard and move for a mistrial. *Cook v. State*, 858 S.W.2d 467, 473 (Tex.Crim.App.1993). Appellant failed to make objections to the prosecutorial comments he now complains of on appeal, and he asks the Court to apply an exception to Rule 52(a)'s contemporaneous objection requirement. In making this request, Appellant relies on *Harris v. State*, 784 S.W.2d 5, 12 (Tex.Crim.App.1989) which followed a long line of cases holding that if a state's argument is so prejudicial that an instruction to disregard would not cure the harm, an objection is not necessary to preserve error. However, in *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1442, 137 L.Ed.2d 548 (1997), and again in *Valencia v. State*, 946 S.W.2d 81, 82–83 (Tex.Crim.App. 1997), the Court of Criminal Appeals has held that this exception can no longer be sustained. As stated in *Cockrell:*

> [A] defendant's "right" not to be subjected to incurable erroneous jury arguments is one of those rights that is forfeited by a failure to insist upon it. . . . Therefore, we hold a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal.

933 S.W.2d at 89 (citations omitted). Therefore, the only pertinent question is "whether or not the defendant objected and pursued the objection to an adverse ruling." *Valencia*, 946 S.W.2d at 82. In the instant case, no such objection was made. Any possible impropriety of the prosecutorial argument was waived by defendant's failure to make a proper and timely objection. Point of error two is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

 Point of error three maintains appellant received ineffective assistance of counsel at the guilt-innocence phase of the trial. The right to counsel is guaranteed by the Sixth Amendment to the United States Constitution. *Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 2062, 80 L.Ed.2d 674, 691 (1984). That right encompasses the right to "effective assistance of counsel." *Id.*, 466 U.S. at 686, 104 S.Ct. at 2063. In *Strickland*, the U.S. Supreme Court set forth the proper standard of review for determining effectiveness of counsel at the guilt/innocence phase in both capital and noncapital cases. *See Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopting *Strickland* as the standard in Texas). Under *Strickland*, a two pronged analysis is employed to assess effectiveness of counsel: first, appellant must show that counsel's performance was deficient, that is, that "counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and secondly appellant must show that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different." *Valencia*, 946 S.W.2d at 83; *e.g., Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994). The appellant bears the burden of proving ineffective assistance. *Id.*

 In determining effectiveness, a reviewing court is to apply "a strong presumption that counsel's actions fell within the wide range of reasonable professional assistance." *Valencia*, 946 S.W.2d at 83. The appellant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Jackson*, 877 S.W.2d at 771 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065).

 It must be remembered, of course, that the "right to effective assistance of counsel merely ensures the right to reasonably effective assistance." *Ingham v.*

*State,* 679 S.W.2d 503, 509 (Tex.Crim.App. 1984). The constitutional right to counsel does not mean errorless counsel. *Id.* Even though a trial counsel may, in some respects, render sub-par assistance, in order for that sub-par performance to constitute ineffective assistance of counsel, there must be a showing that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have differed had trial counsel's assistance been effective. *Hernandez,* 726 S.W.2d at 59.

### Failing to Have a Firm Grasp on the Facts of the Case

Appellant begins his contention of ineffective assistance of counsel by claiming that his trial counsel failed to have a firm grasp of the facts of the case. Appellant states this is evidenced by trial counsel's failure to effectively conduct cross examination of the victim to show inconsistencies in her testimony. It is fundamental that an attorney must acquaint himself with the facts and law of the case before he can render reasonably effective assistance of counsel. *Ex parte Pool,* 738 S.W.2d 285, 286 (Tex. Crim.App.1987). Appellant has failed, however, to direct this court to instances in the record where inconsistencies in the victim's testimony were not addressed by trial counsel. In fact, the record indicates otherwise. For example, the record shows that trial counsel had pre-trial access to the victim's medical records and used them in an effort to impeach the her with regards to her testimony of the sexual assault. Thus, this argument is meritless.

### Failure to Make Objections

Next, appellant alleges his trial counsel was ineffective because during the entire trial he made objections on only three occasions and failed to object to inflammatory and improper jury argument. He directs the court to the following instances during the guilt-innocence phase of trial where he contends his trial counsel should have made objections: (1) trial counsel failed to object when the trial court submitted an *Allen* charge to the jury; (2) counsel failed to object to testimony

regarding prejudicial material about prior conduct, which was the subject of a Motion in Limine; and (3) counsel failed to object to improper prosecutorial jury argument.

### Failure to Object to the Allen Charge

Appellant alleges ineffective assistance of counsel because his trial counsel failed to object to the use of an *"Allen"* or "dynamite" charge. An *"Allen"* or "dynamite" charge is one instructing a deadlocked jury to continue deliberating. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). The length of time in which a jury is allowed to deliberate rests within the sound discretion of the trial judge. *DeLuna v. State,* 711 S.W.2d 44, 48 (Tex. Crim.App.1986). The use of a supplemental charge has long been sanctioned by our court system to aid jurors in reaching a decision. *See Howard v. State,* 941 S.W.2d 102, 123 (Tex.Crim.App.1996). The primary inquiry to determine its propriety is whether it has a coercive effect on juror deliberation, in its context, and under all circumstances. *Id.* Here, the record clearly shows that the jury was having a difficult time reaching a verdict when the trial judge gave them a supplemental *Allen* charge. There is no indication the supplemental charge was coercive. Thus, the trial court's submission of the *Allen* charge to a deadlocked jury was proper, and therefore, trial counsel was not ineffective in failing to object to its use.

### Failure to Object to Testimony which was the Subject of a Motion in Limine

Appellant additionally complains that trial counsel failed to object to evidence of prior misconduct which was the subject of a motion in limine. Trial counsel had obtained an agreed motion in limine preventing the State from introducing evidence concerning past investigations of appellant. Specifically, this evidence pertained to investigations of defendant's behavior toward other young girls on prior occasions. On cross examination of appellant, the prosecutor developed this extraneous conduct without objection from defense counsel. After the State's cross examination, trial counsel questioned appellant about the allegations and established that appellant was never fired,

suspended, or placed on probation because of them. During closing argument, trial counsel returned to the evidence and stated:

> Ladies and gentlemen, you know by the nature of this man's profession everybody that he counsels, I don't care whether you are twelve years old or fourteen years old or a male or female, it's definitely by nature unstable, unpredictible [sic], or they wouldn't be there.
>
> . . . .
>
> Anybody in his position, in his profession, can be "Investigated". And "Can be accused of something". But what was his testimony? Mr. Slough exhonerated [sic] him regarding these previous allegations whatever they were, it's a dead issue. Exhonorated [sic] that's a fancy word for it wasn't true.

Trial counsel's failure to object to the alleged extraneous conduct falls within the realm of trial strategy. To establish ineffective assistance, appellant must show the challenged action (i.e., failure to object) was not sound trial strategy. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App.1992). Here, appellant's trial counsel made two points with this evidence that he otherwise would not have made: (1) children's allegations of sexual abuse are sometimes unfounded; and (2) appellant's profession subjected him to a greater risk of such accusations.

With the benefit of hindsight on appeal, appellant now disagrees with this strategic decision. However, a defendant's constitutional right to counsel does not mean counsel whose competency is judged by hindsight. *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Crim. App.1987). Furthermore, counsel is not rendered ineffective merely because counsel may have made a mistake during trial and other counsel may have tried the case differently. *Ingham v. State*, 679 S.W.2d at 509.

### Failure to Object to Improper Jury Argument

■ Appellant additionally claims that he was denied effective assistance of counsel when his counsel failed to object to statements made by the prosecutor during closing argument at the guilt/innocence phase. To begin, we must first consider whether the prosecutorial statements were objectionable, because a trial counsel's failure to object to proper argument cannot be ineffective assistance. *Richards v. State*, 912 S.W.2d 374, 379 (Tex.App.—Houston [14th Dist.] 1995, pet. ref'd).

■ Permissible jury argument falls within four general areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to the argument of opposing counsel; and (4) plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230, 231–32 (Tex.Crim.App.1973). To constitute reversible error, jury arguments must be extreme or manifestly improper, or inject new and harmful facts into evidence. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex.Crim. App.1988).

■ *Plea to Law Enforcement.* The first argument appellant complains of involves a plea to law enforcement. In closing argument the prosecutor stated:

> You have an opportunity here to put a stop to this man, to get him out of this field of counselor of little teenage girls. To get him out of taking care of young women in this way because all we're doing by keeping him out on the streets and keeping him in this profession is throwing victims to him. How many more victims do you have to hear about before you want to put a stop to it? Do I have to bring you a fifth victim, a sixth victim, or seventh victim?

Appellant alleges this prosecutorial argument was an improper plea to law enforcement. An argument which makes a plea for law enforcement is one of the four categories of arguments specifically approved by the Court of Criminal Appeals. *See Alejandro*, 493 S.W.2d at 231–32. A prosecutorial remark concerning the harm defendant may do to others in the future has been upheld as proper. *See Stone v. State*, 574 S.W.2d 85, 90 (Tex.Crim.App.1978). Therefore, we see this jury argument as proper, and trial counsel's failure to object to the comments was not ineffective assistance.

■ *Reasonable Deductions from the Evidence.* The second instance of alleged improper jury argument that trial counsel failed to object to is as follows:

Why would an innocent man tell this litany of lies? [An][i]nnocent man wouldn't do that, therefore, it is almost like he has confessed. The very fact he has had to come in here and lie to you is like he confesses guilt of this offense.

The appellant alleges this argument by the State was improper and prejudiced the jury. However, we conclude the State's argument is a proper comment on inferences to be drawn from the record. Commenting on in ferences to be drawn from the evidence is permissible. *Gaddis,* 753 S.W.2d at 398. The argument resulting from these inferences does not have to remain neutral. Inferences from the record may be drawn with wide latitude as long as those inferences are reasonable and offered in good faith. *Coble v. State,* 871 S.W.2d 192, 205 (Tex.Crim.App. 1993). A prosecutor can state that he believes a defendant is guilty, if that belief is tied to the evidence. *See Sikes v. State,* 500 S.W.2d 650, 652 (Tex.Crim.App.1973). Thus, the jury argument was proper, and trial counsel's failure to object was not ineffective assistance.

### Developing the Record—Hearing on Motion for New Trial

In order to effectively argue an issue of ineffective assistance of counsel, a record focused on the conduct of trial counsel should be developed. *Jackson,* 877 S.W.2d at 772 (Baird, J., concurring). In this case, a hearing was held on appellant's motion for new trial which had specifically raised the issue of ineffectiveness of counsel; yet we have no record of any testimony from that hearing.

In his concurring opinion in *Jackson,* Judge Baird commented on the problems associated with claims of ineffectiveness of assistance on direct appeal, and in doing so he directed attention to the need of developing the record:

> As a general rule, one should *not* raise an issue of ineffective assistance of counsel on direct appeal. (footnote omitted) This is so because a trial record is generally insufficient to address claims of ineffective assistance of counsel in light of the "strong presumption that [trial] counsel's conduct

falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

> . . . .

> A trial record is directed to the issues of guilt/innocence and punishment. And we review that record with an eye toward the errors allegedly committed in relation to those issues. However, in order to effectively argue an issue of ineffective assistance of counsel, a record focused on the conduct of trial or appellate counsel should be developed.

*Id.* at 772. Judge Baird goes on to point out that such a record could be developed at a hearing held in relation to an application for writ of habeas corpus. *Id.*

TEX.R.APP. P. 30(a) provides a means for developing a trial record which proves to be silent as to the actions or reasoning of trial counsel. The rule provides in pertinent part: *"Except to adduce facts of a matter not otherwise shown on the record,* a motion for new trial is not a requisite to presenting a point of error on appeal." (emphasis added). Thus, under Rule 30(a), appellants have an opportunity to utilize a hearing on a motion for new trial to develop evidence supporting an ineffective assistance claim. *See Toney v. State,* 783 S.W.2d 740, 742–43 (Tex.App.—El Paso 1990, pet. ref'd).

Appellant had an opportunity to develop such a record at the motion for new trial hearing. Apparently, he presented no credible evidence that trial counsel's deficient performance was not within the wide range of trial strategy since the trial court denied his motion for new trial. Likewise, on appeal, appellant has failed to show that trial counsel's performance fell below an objective standard of reasonableness. Point of error three is overruled.

We affirm the judgment and sentence of the court below.

AFFIRMED.

BURGESS, Justice, concurring.

I totally agree with the majority's discussion and disposition of points of error one and two. I concur with the result in point of

error three, but would resolve the point based solely upon that portion of the majority opinion entitled "Developing the Record—Hearing on Motion for New Trial."