In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-088 CR


____________________



LOUIS D. CRISWELL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 15,775






OPINION


 A jury found Louis D. Criswell to be guilty of one count of aggravated sexual
assault of a child and one count of indecency with a child. The jury assessed punishment
for the aggravated sexual assault of a child at confinement for life in the Texas Department
of Criminal Justice, Institutional Division, and a $10,000 fine. The jury assessed
punishment for the indecency with a child at confinement in the Texas Department of
Criminal Justice, Institutional Division, for a term of 20 years, and a $10,000 fine. Appellate counsel filed a brief in compliance with Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978). The brief concludes no error which would arguably support an appeal
is presented, a conclusion with which we concur. On August 2, 2001, Criswell was given
an extension of time in which to file a pro se brief if he so desired. Criswell filed a pro
se brief that raises four points of error.

 Point of error one challenges the legal sufficiency of the evidence to support the
conviction. In reviewing the legal sufficiency of the evidence, we consider all of the
evidence in the light most favorable to the verdict and determine whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Geesa v. State,
820 S.W.2d 154 (Tex. Crim. App. 1991). 

 The eleven-year-old victim, A.C., testified that her father's longtime live-in
girlfriend, Barbara Diane Mullins, took A.C. over to Criswell's home on many occasions. 
Criswell would give Mullins crack to smoke while Criswell inserted his fingers into A.C.'s
vagina and made A.C. rub Criswell's penis. Then Criswell and Mullins would engage in
sexual intercourse with A.C. in the room. 

 Mullins gave two statements to the police. In her second statement, Mullins stated
that she could not recall whether she told Criswell that he could "mess with" A.C. if he
gave her another rock, but admitted that he gave her cocaine, that she went into the
bathroom and smoked it, and that A.C. was lying on the bed when Mullins returned to the
bedroom. Mullins stated that A.C. later told her that Criswell had "messed with" her that
day, and that she did not take A.C. back to Criswell's. In her first statement and at trial
Mullins admitted to taking A.C. over to Criswell's once to buy cocaine, but denied taking
the child inside. 

 The outcry witness, a former live-in girlfriend of Criswell's testified that she
believed A.C., but that three or four weeks before the trial A.C. had stated to her, "I lost
my momma because of a lie. I don't want to lose you because of a lie." The next day,
the outcry witness asked if A.C. was telling the truth about Criswell; A.C. reaffirmed that
Criswell had sexually assaulted her. The victim never retracted her accusation against the
appellant.

 A conviction for sexual assault may be based on the uncorroborated testimony of
the victim if the victim is seventeen years of age or younger at the time of the offense. 
Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon Supp. 2001). Criswell argues that the
victim's testimony is insufficient to support a finding of guilt because the prosecutor asked
the complainant leading questions. Few of the prosecutor's questions to the complainant
could be considered leading. At any rate, the use of leading questions is generally
permitted in cases dealing with child witnesses. Clark v. State, 952 S.W.2d 882, 886
(Tex. App.--Beaumont 1997, no pet.). Even if some of the child's testimony was
inadmissible due to manner in which it was elicited, even erroneously admitted evidence
is properly considered in a sufficiency review. Garcia v. State, 919 S.W.2d 370, 378
(Tex. Crim. App. 1994). Based on the victim's testimony, a rational jury could have
found the essential elements of sexual assault beyond a reasonable doubt. Point of error
one is overruled.

 Point of error two raises the issue of ineffective assistance of counsel. To prevail
on a claim of ineffective assistance of counsel, appellant must show both deficient conduct
and prejudice. In other words, a defendant must demonstrate that his attorney's
performance fell below an objective standard of reasonableness under prevailing
professional norms and that there is a reasonable probability that but for counsel's
ineffectiveness, the result would have been different. See Strickland v. Washington, 466
U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Strickland standard
applies to ineffective assistance of counsel complaints at both the guilt-innocence and
punishment phases of the trial. Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App.
1999). There is a strong presumption that counsel's conduct fell within the wide range of
reasonable professional assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994). "Any allegation of ineffectiveness must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness." Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 

 Criswell complains that: 1) defense counsel failed to ask for a jury shuffle or object
to the jury, which Criswell argues was not exercising reasonable interest; 2) counsel
objected based upon an assumption that A.C. testified that Criswell had not made her touch
his penis, when she had actually testified to the opposite; 3) counsel should not have called
Mullins as a witness because her testimony was more harmful than beneficial; 4) counsel
did not ask A.C. what the interior of Criswell's house looked like, but argued to the jury
that A.C. had failed to describe the inside of the house. These complaints concern
strategic decisions made in the course of trial. Criswell did not file a motion for new trial. 
Absent an evidentiary hearing in which defense counsel is provided the opportunity to
explain his actions and trial strategy, and in which Criswell is able to fully develop
evidence supporting his claim of ineffective assistance, we must presume that counsel
rendered reasonably effective assistance. See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994). Point of error two is overruled.

 Point of error three challenges the admissibility of Mullins's written statements. At
trial, counsel made a hearsay objection to the admission of the statements because they
were made out of court. The statements were offered for impeachment and as statements
against the declarant's penal interest. Tex. R. Evid. 613; 803(24). Assuming the
statements were inadmissible, any error in the admission of the statements themselves
could not have affected Criswell's substantial rights, because the contents of the statements
had already been communicated to the jury verbatim during Mullins's in-court testimony. 
Tex. R. App. P. 44.2(b). Point of error three is overruled.

 Point of error four alleges prosecutorial misconduct. Criswell contends that the
prosecutor, motivated by contempt for Criswell's lifestyle, coached the complaining
witness and slandered the accused by calling him a crackhead and a pervert. The
prosecutor's use of the epithet "crack heads" was directed not to Criswell but to the
witnesses who had testified that they smoked cocaine. Rather than call the defendant
insulting names, we find that the prosecutor confined his jury argument to reasonable
deductions from the evidence. Point of error four is overruled.

 Our review of the clerk's record and the reporter's record revealed no arguable
error requiring us to order appointment of new counsel. Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991). We affirm the judgment of the trial court. 

 AFFIRMED.


 PER CURIAM



Submitted on January 2, 2002

Opinion Delivered January 9, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.