COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 ANGEL
 ARCADIO RUIZ,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00386-CR
  
 Appeal from the
  
 70th District Court
  
 of Ector County, Texas
  
 (TC# A-28,408)
 
 




 

MEMORANDUM
OPINION

Angel Arcadio
Ruiz appeals his conviction for driving while intoxicated.  We affirm.

Facts








Ruiz was initially stopped for
driving at night without his headlights on and for failing to stay within a
single lane.  After failing two field
sobriety tests, standing with one leg raised and walking a straight line
heel-to-toe, he was placed under arrest. 
The officers did note that Ruiz suffered from throat cancer and a head
injury.  Ruiz attempted three times to
perform on an intoxilyzer machine, but was unable to
produce enough air to register a valid reading. 
Ruiz was unable to tell police how he had sustained the head
injury.  The officer noted it looked like
an old scratch.  In a videotape of the
arrest admitted into evidence, Ruiz is seen telling the officer that he had been
drinking alcohol, and had about 10 beers. 
Before being booked into the jail, Ruiz=s throat cancer was checked by a
nurse, but the officer did not know if the nurse also looked at the head
injury.

During trial, the State called two
witnesses--the officers involved in the arrest. 
Ruiz=s counsel cross-examined both
witnesses.  He questioned both officers
about Ruiz=s medical condition eliciting their
agreement that illness can make some people appear to be intoxicated when they
are not.  After the State rested its
case, the defense called no witnesses and also rested.

Ineffective Assistance

In his sole point of error, Ruiz
claims that he received ineffective assistance of counsel at trial, based on
his trial counsel=s failure to present medical evidence concerning his head
injury.








The Strickland test provides a
two-prong test to determine whether counsel=s representation was so inadequate as
to violate a defendant=s Sixth Amendment right to counsel.  Strickland v. Washington,
466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez
v. State, 726 S.W.2d 53, 55 (Tex. Crim. App.
1986).  First, the defendant must
show that his counsel=s performance fell below an objective standard of
reasonableness.  McFarland v. State,
928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert.
denied, 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d
851 (1997).  Second, assuming the
defendant has demonstrated deficient assistance, it is necessary to
affirmatively prove prejudice.  Id.  In other words, appellant must show a
reasonable probability that, but for counsel=s unprofessional errors, the result
of the proceeding would have been different. 
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 
A reasonable probability is a probability sufficient to undermine
confidence in the outcome.  Id.
(citing Hernandez, 
726 S.W.2d at 55).

In reviewing defense counsel=s representation at trial, we engage
in Aa strong presumption@ that actions of counsel were within
the wide range of reasonably professional assistance.  Tong v. State, 25 S.W.3d 707, 712
(Tex. Crim. App. 2000).  The burden is on the appellant to overcome
the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy.  Id.








Ruiz filed a motion for a new trial,
but no hearing was ever held to inquire as to Ruiz=s claim of ineffective
assistance.  Typically, the record on
direct appeal does not fully reflect alleged failings of trial counsel.  Thompson v. State, 9
S.W.3d 808, 813-14 (Tex. Crim. App. 1999).  A defendant can challenge the presumption of
effectiveness by furnishing the appellate court with a record that allows the
court to weigh whether counsel=s actions were based on sound trial strategy.  Parmer v. State, 38
S.W.3d 661, 666 (Tex. App.--Austin 2000, pet. ref=d).  A hearing on a motion for a new trial can
provide that record.  Id.  Inadequate representation will be found only
if counsel=s actions are absent any plausible
basis.  Id.  A record lacking any explanation of
motivation behind trial counsel=s actions generally fails to establish whether his or her
actions were of strategic design or the result of negligence.  Thompson, 9 S.W.3d
at 813-14.

In his appellate brief, counsel for
Ruiz asks this Court to excuse his failure to obtain a hearing, as appellate
counsel was not aware of the need to present medical evidence until after
reading the reporter=s record.  The reporter=s record was not prepared until after
the deadline for such hearing.  Ruiz
cites no authority which would allow us to proceed as he requests.

To the contrary, the State correctly
contends Ruiz must obtain a hearing on ineffective assistance before it can be
considered by an appellate court or the point is waived, citing Toney v.
State, 783 S.W.2d 740, 742 (Tex. App.--El Paso 1990, pet. ref=d). However, that court did not hold
that a failure to have a hearing constitutes waiver, only that it is usually
necessary in order to adequately present the issue.  Id. 
The State points out that trial counsel conducted voir
dire, Agave a good opening Statement . . .
vigorously cross examined all of the State=s witnesses,@ and Aalso gave a good final argument.@

Under these circumstances, we find
the record inadequate to establish ineffective assistance of counsel.  Ruiz=s sole point of error is overruled.








Conclusion

The judgment of the trial court is
affirmed.

 

SUSAN
LARSEN, Justice

February 12, 2004

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)