Affirmed and Opinion filed July 31, 2007








Affirmed and Opinion filed July 31, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00179-CR

____________

 

MOSES JOHNSON, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 



 

On Appeal from the 212th
District Court

Galveston County, Texas

Trial Court Cause No. 04CR0130

 



 

O P I N I O N

A jury found appellant, Moses Johnson, guilty of murdering
his wife, Evelyn Johnson.  Tex. Penal Code Ann. ' 19.02 (Vernon
2003).  The jury sentenced appellant to forty-five years= confinement in
the Institutional Division of the Texas Department of Criminal Justice. In
three issues, appellant challenges his conviction, arguing that (1) he was
denied the right to a unanimous jury verdict, (2) the trial court erred when it
excluded appellant=s expert witness during the punishment
phase of the trial, and (3) he was denied effective assistance of counsel. We
affirm.








Factual and Procedural Background

On January 16, 2004, a rainy night, Evelyn Johnson, along
with her sister and other relatives went, to a nightclub in Texas City.  At
that time, Ms. Johnson and appellant were married, but had been separated for
some time.  Shortly before the nightclub closed at 2 a.m., appellant arrived
outside the nightclub.  Soon thereafter, Annette Woodard, Ms. Johnson=s sister, exited
the club and crossed the street to the club=s parking lot,
which was brightly illuminated by a street light.  Ms. Woodard got into her car
to wait for her sister, who had ridden with her that evening.  Appellant tapped
on the window of Ms. Woodard=s car and after a brief exchange, Ms.
Woodard thought appellant left.  Moments later, Ms. Johnson walked out of the
club with three other people, all walking under a single umbrella.  In
addition, because the club had closed, a large number of additional people were
exiting the club in close proximity to Ms. Johnson=s party.  While
walking toward the parking lot, Ms. Johnson=s party stopped
while Ms. Johnson talked to a man in a truck that had pulled up near her.

Once the truck left, appellant appeared a short distance
from Ms. Johnson, called for her to come over to him and when she refused,
appellant approached her.  Ms. Johnson attempted to flee, but appellant caught
her within a few feet and began striking her.  Appellant then pulled out a
knife and repeatedly stabbed Ms. Johnson.  Ms. Woodard left her car and
attempted to stop the attack by pushing appellant away, but each time she did
so, appellant re-approached Ms. Johnson and continued to stab her.  Appellant
finally stopped his attack on his own, went to his car, and left the scene. 
Ms. Woodard then drove her mortally wounded sister to the hospital, where she
died a short time later.  Less than an hour after the attack, appellant was apprehended
by Texas City Police following a chase which ended only when appellant wrecked
his car.








Following his arrest, appellant gave a statement to the
police in which appellant claimed he snapped after seeing Ms. Johnson talking
with another man outside the club.[1] 
Appellant stated he did not remember anything from that point until sometime
later when he heard his sister-in-law saying AMoe, Moe.@ According to
appellant, he then walked to his car and drove off, without noticing what had
happened to his estranged wife, Ms. Johnson.

Appellant retained a psychologist as an expert witness to
testify during the punishment phase of the trial regarding why a person may not
remember an emotional and tragic event.  The State moved to exclude the expert=s testimony as
appellant had not timely notified the State of the expert as required by a
discovery order entered by the trial court.  The trial court granted the State=s motion and
prohibited appellant=s expert from testifying.

Appellant was charged with murder in a two paragraph
indictment alleging murder under sections 19.02(b)(1) and (2) of the Texas
Penal Code.[2] 
During closing argument, one of the State=s prosecutors
argued, without objection by appellant=s counsel, that
the jury need not reach a unanimous verdict as to which of the two application
paragraphs in the indictment was a proper basis for reaching a verdict of
guilty.  The actual jury charge instructed the jury that a unanimous verdict
was required to find appellant guilty under either paragraph one or paragraph
two of the indictment.

Appellant was found guilty of the offense of murder and the
jury sentenced him to forty-five years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  This
appeal followed.








Discussion

A.      Appellant
Was Not Denied the Right to a Unanimous Jury Verdict.

In his first issue, appellant asserts he was denied the
right to a unanimous jury verdict because of the trial court=s charging error
and improper jury argument by the State.  We address each allegation in turn.

Appellant, while arguing he was denied a unanimous jury
verdict, recognizes that the trial court=s jury charge
requires a unanimous verdict to convict appellant under either paragraph one or
paragraph two of the indictment.[3] 
Instead, appellant alleges he was denied a unanimous verdict because the
general verdict form stated only that the jury found appellant Aguilty of the
offense of Murder as alleged in the indictment@ without
specifying under which paragraph.

Initially, while we agree with appellant that he is
entitled to a unanimous guilty verdict, we disagree that a jury must unanimously
agree on a single method by which a defendant commits murder.  In Yost v.
State, also a murder case, we recently addressed this issue and stated:








We begin review of a jury unanimity challenge by examining the language
of the statute to determine the elements of the crime and whether the
legislature has created a single offense with multiple or alternate methods of
commission.  Jefferson v. State, 189 S.W.3d 305, 311 (Tex. Crim. App.
2006).  While jury unanimity is required on the essential elements of an
offense, the jury generally is not required to return a unanimous verdict on
the specific method of committing a single offense.  Id.; see also
Ngo v. State, 175 S.W.3d 738, 747 n.32 (Tex. Crim. App. 2005) (en banc).

 

Here, the [murder] statute under which appellant was convicted does not
describe different offenses, but merely sets forth different methods of
committing the same offense.  See Aguirre v. State, 732 S.W.2d 320, 326
(Tex. Crim. App. 1987) (en banc) (op. on reh=g).  Although [Texas Penal Code] sections 19.02(b)(1) and
(b)(2) differ in their descriptions of the mental state required for
culpability, jurors are not required to agree on the defendant=s specific mental state; rather,
they need only agree that the defendant possessed one of the alternate mental
states that satisfy the element of intent under the statute.  See Jefferson,
189 S.W.3d at 313 (holding that a jury need not agree on the method of
committing an offense where the different possibilities each Ainvolve[d] the same injury to the
same child during the same transaction with a similar level of culpability.@); see also Barfield v. State,
202 S.W.3d 912, 916 (Tex. App.CTexarkana 2006, pet. ref=d) (holding that a general verdict is appropriate when the
jury can convict under '19.02(b)(1) or (b)(2)).

 

Yost
v. State, 222 S.W.3d 865, 877B78 (Tex. App.CHouston [14th
Dist.] 2007, no pet.).

In addition, appellant=s specific
complaint that the trial court=s use of a general verdict form
unconstitutionally deprived him of his right to a unanimous verdict is without
merit.  In  Aguirre v. State, another murder case, the Court of Criminal
Appeals determined that because the indictment did not allege different
offenses but only alleged different ways of committing the same offense, the
trial court=s use of a general verdict form was proper.  Aguirre,
732 S.W.2d at 326; see Barfield, 202 S.W.3d at 916.  That is the
situation here.  Accordingly, the trial court did not err when it submitted a
general verdict form to the jury.








In the second part of his first issue, appellant complains
about the State=s closing argument.  During closing
argument, appellant did not object to the argument of either of the State=s prosecutors on
the basis that the argument improperly told the jury it could convict appellant
without a unanimous verdict.  In an effort to avoid the consequences flowing
from that failure to object, appellant attempts to combine the issue of the
State=s allegedly
improper jury argument together with his allegation that the trial court
improperly charged the jury as a single error subject to the same standard of
review.  See Rodriguez v. State, 758 S.W.2d 787, 788 (Tex. Crim. App.
1988) (holding that failure to object to an unconstitutional jury charge does
not waive error).  However, that is not the situation we are presented with
here as appellant presents two distinct issues, one that requires a
contemporaneous objection, and one that does not.[4] 
In order for appellant to complain on appeal about erroneous jury argument,
including erroneous jury argument so prejudicial that an instruction to
disregard could not cure it, appellant must show that he lodged an objection
during trial and pressed that objection to an adverse ruling.  See Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding that no error
was preserved when appellant did not object to the prosecution=s alleged comment
during closing argument on the defendant=s failure to
testify).  As appellant did not object to the State=s jury argument,
he has not preserved that  issue for appellate review and because we have
concluded no charge error exists, we  overrule appellant=s first issue.

 








B.      The Trial
Court Did Not Abuse Its Discretion By Prohibiting Appellant=s Expert Witness
From Testifying.

On April 19, 2004, nearly two years before the trial of
this case commenced, the trial court signed an agreed discovery order
requiring, among other things, that appellant provide the State with the name
and address of any expert witnesses appellant might use at trial.  During the
punishment phase of the trial, appellant called Victor Hirsch, Ph.D., a
clinical psychologist, to the witness stand.  Appellant=s trial counsel
stated Dr. Hirsch would give testimony about the lack of memory allegedly
experienced by appellant following his attack on his estranged wife and how
common that occurrence is following a traumatic or emotional experience.  The
State objected based on lack of notice as required by the trial court=s discovery
order.  Appellant=s counsel responded that he was not
appellant=s original counsel and was unaware of the existence of
the discovery order.  The trial court sustained the State=s objection and
prohibited Dr. Hirsch from testifying.  In his second issue, appellant argues
the trial court abused its discretion when it excluded Dr. Hirsch=s testimony.

We review a trial court=s decision on
whether to allow an expert witness to testify on an abuse of discretion standard. 
Stoker v. State, 788 S.W.2d 1, 15 (Tex. Crim. App. 1989).  A trial court
abuses its discretion when its ruling is arbitrary, unreasonable, or without
reference to any guiding rules or legal principles.  Lyles v. State, 850
S.W.2d 497, 502 (Tex. Crim. App. 1993).  We must uphold the trial court=s decision if it
is within the zone of reasonable disagreement.  Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990).








The parties have not pointed to, and our own independent
research has failed to discover, any opinions published by a Texas court
addressing this exact issue: a defendant=s failure to
disclose the identity of a testifying expert witness pursuant to a pre-trial
discovery order and what sanctions are required or permitted as a result of
that failure.  However, the Fort Worth Court of Appeals, in an unpublished
opinion addressing facts similar to those here, held the trial court did not
abuse its discretion when it excluded the defendant=s expert
psychologist from testifying during the punishment phase of that trial.  Strawn
v. State, No. 02-02-00170-CR, 2003 WL 21235537 at *2B*4 (Tex. App.CFort Worth 2003,
pet. ref=d) (not designated
for publication).  In Strawn, the Fort Worth Court of Appeals applied
the same test used when the prosecution fails to notify the defense of an
expert witness.  Id. at *2.  This test encompasses two factors: (1)
whether the party=s action in failing to timely disclose the
expert witness constituted bad faith; and (2) whether the opposing party could
have reasonably anticipated that the undisclosed witness would testify.  Id.
at *3.  We find the Strawn court=s reasoning
persuasive and adopt that test here.








While there is no evidence in the record, and the State
does not argue, that appellant=s trial counsel acted with bad faith in
not disclosing the expert witness, we find the trial court did not abuse its
discretion in excluding Dr. Hirsch=s testimony as the
State could not reasonably have anticipated that a clinical psychologist would
be called by appellant to testify during the punishment phase of the trial, and
therefore could not prepare to meaningfully cross-examine or decide to produce
its own expert witness in rebuttal.  See  id. (appellate court concluded
that the trial court did not abuse its discretion despite finding there was no
evidence in the record that the defense acted in bad faith when it failed to
disclose the expert and even though the State knew the defendant had undergone
a psychological examination).  Appellant=s argument that
the trial court=s exclusion of Dr. Hirsch=s testimony was an
abuse of discretion as the trial court should have resorted to less severe
remedies, such as a recess, fails as, in the face of the trial court=s ruling excluding
Dr. Hirsch=s testimony, appellant=s trial counsel
merely passed the witness and did not request a recess to allow the State time
to discover the substance of Dr. Hirsch=s testimony and
prepare a response.  See Leach v. State, 983 S.W.2d 45, 49 (Tex. App.CTyler 1998, no
pet.) (stating a criminal defendant may waive any error including most
constitutional errors, by failing to object or request proper relief).  Having
found the trial court did not abuse its discretion when it excluded Dr. Hirsch
from testifying, we overrule appellant=s second issue.

C.      Appellant
Did Not Receive Ineffective Assistance of Counsel

In his third issue, appellant contends he received
ineffective assistance of counsel at trial.  In reviewing claims of ineffective
assistance of counsel, we apply a two prong test.  See Salinas v. State,
163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing Strickland v. Washington,
466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)).  To establish
ineffective assistance of counsel, appellant must prove by a preponderance of
the evidence that (1) his trial counsel=s representation
was deficient in that it fell below the standard of prevailing professional
norms, and (2) there is a reasonable probability that, but for counsel=s deficiency, the
result of the trial would have been different. Id.  A reasonable
probability is a probability sufficient to undermine confidence in the outcome. 
Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).   








When evaluating a claim of ineffective assistance, the
appellate court looks to the totality of the representation and the particular
circumstances of each case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).  There is a strong presumption that counsel=s actions and
decisions were reasonably professional and were motivated by sound trial
strategy.  Salinas, 163 S.W.3d at 740; Stults v. State, 23 S.W.3d
198, 208 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  To overcome
the presumption of reasonable professional assistance, Aany allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@ Thompson,
9 S.W.3d at 814.  When determining the validity of an ineffective assistance of
counsel claim, any judicial review must be highly deferential to trial counsel
and avoid the deleterious effects of hindsight.  Ingham v. State, 679
S.W.2d 503, 509 (Tex. Crim. App. 1984).  When the record is silent as to the
reasons for counsel=s conduct, a finding that counsel was
ineffective would require impermissible speculation by the appellate court. Stults,
23 S.W.3d at 208. Absent specific explanations for counsel=s decisions, a
record on direct appeal will rarely contain sufficient information to evaluate
an ineffective assistance claim.  Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).

Appellant alleges four ways in which his trial counsel was
ineffective.  Specifically, appellant argues his trial counsel was ineffective
because he (1) failed to object to the State=s closing argument
regarding the need for a unanimous verdict; (2) failed  to object to the
general verdict form; (3) failed to timely designate appellant=s expert witness  thus
depriving appellant of the opportunity to present defense testimony during the
punishment phase of the trial; and (4) failed to preserve the expert witness=s testimony once
the trial court prohibited the expert witness from testifying.  We address
appellant=s first and second allegations separately while we
will address the third and fourth complaints together.

1.       The
Failure to Object to the State=s Closing Argument








Appellant initially argues his trial counsel was
ineffective because he failed to object to the State=s closing argument
regarding the requirement of a unanimous verdict and what constituted a
unanimous jury.  Appellant asserts that, contrary to the jury charge, the State
argued that a unanimous jury verdict was not required and his trial counsel=s failure to
object to this allegedly improper argument establishes ineffective assistance
of counsel.  The State responds that because a unanimous finding as to the
method by which the murder was committed is not required to convict appellant,
appellant=s trial counsel=s decision not to
object to the State=s argument could have been a matter of
trial strategy because an objection could have led to the removal of that
language from the jury charge.  We agree.  Appellant has not directed this
court to any portion of the record containing an explanation for his counsel=s decision not to
object to the argument.  Therefore, absent a contrary showing in the record, it
must be presumed that appellant=s counsel=s failure to
object to the State=s argument was part of a valid, considered
trial strategy, and did not constitute deficient performance.  See Thompson,
9 S.W.3d at 813B14 (holding allegations of ineffective
assistance of counsel must be firmly founded in the appellate record).

2.       The
Failure to Object to the General Verdict Form

Appellant next argues his trial counsel was ineffective
because he failed to object to the general verdict form submitted to the jury. 
This argument is without merit as we have already determined that the use of a
general verdict form was proper in this case.  Since the use of the general
verdict form was proper, a failure to object to its use cannot serve as the
basis for a finding that appellant=s trial counsel
was ineffective.  See Clark v. State, 952 S.W.2d 882, 888 (Tex. App.CBeaumont 1997, no
pet.)  (holding that since the trial court=s submission of an
Allen charge to a deadlocked jury was proper, trial counsel was not
ineffective for failing to object to its use).

3.       The
Failure to Timely Designate Appellant=s Expert Witness
and to Preserve His Testimony

In his third ineffective assistance complaint, appellant
alleges his trial counsel was ineffective because he failed to timely designate
appellant=s expert witness.  In his fourth, appellant argues his
trial counsel was ineffective because, once the trial court excluded Dr.
Hirsch, he failed to preserve the substance of Dr. Hirsch=s proposed
testimony.  Since our resolution of appellant=s fourth complaint
impacts our handling of his third, we address the fourth complaint first.








During the punishment phase of the trial, appellant called
Dr. Hirsch to the witness stand.  Once Dr. Hirsch identified himself and
briefly explained what clinical psychologists do, the State asked for a bench
conference.  At that bench conference, the State objected to Dr. Hirsch
testifying as appellant had not given the State timely notice under the trial
court=s discovery order
that Dr. Hirsch would testify.  The trial court then asked appellant=s trial counsel Awhere are we going
with this?@  In response, appellant=s trial counsel
stated: AI was just going
to talk about the lack of memory, that that=s something that=s common.@  The trial court
then granted the State=s objection and prohibited Dr. Hirsch from
testifying.

Faced with the trial court=s decision to
exclude Dr. Hirsch, appellant asserts on appeal  that, by not complying with
Texas Rule of Evidence 103(a)(2), which requires a party complaining of the
exclusion of evidence to make the substance of the evidence known to the trial
court, unless the substance of the evidence is apparent from the context within
which questions were asked, his trial counsel was ineffective.  However, while
appellant=s trial counsel did not put on a formal offer of proof
with questions to and answers from Dr. Hirsch, this kind of offer of proof is
not required to preserve error when the counsel seeking admission of the
evidence describes the evidence to the trial court.  Fox v. State, 115
S.W.3d 550, 559 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d).  Here,
appellant=s trial counsel, in direct response to the trial court=s inquiry
regarding where he was going with Dr. Hirsch=s testimony,
briefly described the substance of that proposed testimony.  An informal bill
of review will suffice as an offer of proof when it includes a concise
statement of counsel=s belief of what the testimony would
show.  Love v. State, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993).  To
preserve error, an informal bill must include a summary of the proposed testimony. 
Id.  Appellant=s trial counsel=s brief
description complies with these requirements, thus preserving Dr. Hirsch=s testimony for
appellate review.








We turn now to appellant=s argument that
his trial counsel=s failure to timely designate Dr. Hirsch
as an expert witness deprived him of effective assistance of counsel. 
Appellant=s trial counsel explained during the bench conference
mentioned above why he did not give the State notice of his intent to call Dr.
Hirsch as a witness: ignorance of the trial court=s discovery
order.  We will assume without deciding that this single omission by appellant=s trial counsel
satisfies the first prong of Strickland and turn to the second prong.[5] 
When addressing the second prong of Strickland, merely showing that
errors had some conceivable effect on the proceedings is inadequate proof.  McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).  The second
prong of Strickland is satisfied by showing that there is a reasonable
probability that absent counsel=s deficient performance, the result of the
proceeding would have been different.  Salinas, 163 S.W.3d at 740.     

As we discussed above, we know the substance of Dr. Hirsch=s testimony: that
appellant=s lack of memory regarding the murder is a common
occurrence.  In its
brief, the State argues that Ait seems unlikely that such testimony, which would not
address such pivotal factors as Appellant=s mental state before and during the
murder, would make much difference to the jury.@  We agree with the State.  Appellant has
failed to explain how, if Dr. Hirsch=s excluded
testimony regarding appellant=s alleged lack of memory of the murder, a
tangential issue at best, had been admitted during the punishment phase of the
trial, the result of the punishment phase of the trial would have been
different.  Because appellant has not met the prejudice prong of Strickland,
he has not established that he received ineffective assistance of counsel as a
result of his trial counsel=s failure to timely designate Dr. Hirsch
as an expert witness.

We hold that appellant has failed to show that he received
ineffective assistance of counsel.  We overrule his third issue on appeal.

 

 

 

 

 








Conclusion

Having
overruled each of appellant=s issues on appeal, we affirm the judgment
of the trial court.                                      

 

 

 

/s/      John
S. Anderson

Justice

 

Judgment rendered and Opinion filed July 31, 2007.

Panel consists of Justices Yates, Anderson, and
Hudson                      .                               

Publish C Tex. R. App. P. 47.2(b).     









[1]  Appellant testified to the same effect during the
punishment phase of his trial.





[2]  Texas Penal Code section 19.02(b)(1) provides: a
person commits murder if he Aintentionally
or knowingly causes the death of an individual.@ Tex. Penal Code Ann. ' 19.02(b)(1)
(Vernon 2003).  Texas Penal Code section 19.02(b)(2) provides: a person commits
murder if he Aintends to cause serious bodily injury and commits an
act clearly dangerous to human life that causes the death of an individual.@ Id.at (b)(2).  





[3]  The relevant section of the jury charge provides:

 

Now, if you unanimously find from the evidence beyond
a reasonable doubt that on or about the 17th day of January, 2004, in Galveston
County, Texas, the Defendant, MOSES JOHNSON, did then and there intentionally
or knowingly cause the death of an individual, Evelyn Johnson, by stabbing the
said Evelyn Johnson with a knife, as alleged in the Indictment,

 

OR

 

If you unanimously find from the evidence beyond a
reasonable doubt that on or about the 17th day of January, 2004, in Galveston
County, Texas, the Defendant, MOSES JOHNSON, did then and there, intending to
cause serious bodily injury to an individual, Evelyn Johnson, intentionally or
knowingly commit an act clearly dangerous to human life, to-wit by stabbing the
said Evelyn Johnson with a knife, thereby causing the death of said individual,
as alleged in the Indictment.

  





[4]  The standard of review for improper jury argument is
to review the record in its entirety to determine whether any erroneous
statements were made, and if so, whether they were so prejudicial as to deprive
the defendant of a fair and impartial trial.  Willis v. State, 785
S.W.2d 378, 385 (Tex. Crim. App. 1989).  However, before a defendant will be
permitted to complain on appeal about an erroneous jury argument, the defendant
will have to show he objected and pursued his objection to an adverse ruling.  Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); see Tex. R. App. P. 33.1.  The failure to
object to a jury argument forfeits the right to complain about the argument on
appeal.  Cockrell, 933 S.W.2d at 89.





[5]  In this regard, we note that the right to reasonably
effective counsel does not mean the right to errorless counsel.  Saylor v.
State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983).  In determining whether
counsel was ineffective, an appellate court should consider the totality of the
circumstances of the particular case.  Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999).