

**In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00078-CR

_____

JULIO CESAR PADILLA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 159th Judicial District Court
Angelina County, Texas
Trial Court No. 27,082

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

A jury found Julio Cesar Padilla ("appellant") guilty of two counts of aggravated sexual assault of a child. The jury assessed the appellant's punishment at twelve years' imprisonment for the first count and thirteen years' imprisonment for the second count. The trial court ordered that the appellant's thirteen-year sentence not commence until he had first completed the twelve-year sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon 2006). The appellant now challenges his conviction, raising five points of error.[1] We overrule each issue and affirm the trial court's judgment.

## I. The Trial Court Erred by Allowing an Amendment to the Indictment After Voir Dire

In his first issue, the appellant contends that the trial court erred by permitting the State to amend the grand jury's indictment on the day of trial, between the time that voir dire had been completed and the jury empaneled but before either party made opening statements.

It is clear from the State's motion that the amendment to the indictment was not a simple correction of grammar; rather, the proposed amendment was to supplement the core of the indictment so as to include two missing elements of the crime for which the appellant was going to trial. Although this represented something of a fundamental change in the indictment, the State maintained that the amendment created no surprise to the appellant. The appellant admitted that the

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

proposed amendment caused no undue surprise to him, he made no request for a continuance to allow for additional time to prepare for the charges as they would stand after amendment of the indictment, and he does not now claim on appeal that the last-minute amendment of the indictment occasioned any surprise to him or that he was prejudiced by the amendment.

On appeal, the State prudently concedes that the trial court erred by permitting the amendment over the appellant's objection. The court's authorization of the amendment to the indictment's primary charge over the objection of the appellant after the jury had been sworn and empaneled was clearly erroneous. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10 (Vernon 2006). However, although the State concedes the error, it contends that this error was harmless since the appellant admitted at trial that the amendment was neither a surprise, nor was it an action that precipitated a need for him to be granted additional time to prepare for trial.

"Except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (footnote omitted).[2] The error in this case involves a

---

[2]The Texas Court of Criminal Appeals stated in *Sodipo v. State*, 815 S.W.2d 551 (Tex. Crim. App. 1990) (op. on reh'g), that a trial court's error under Article 28.10 is not subject to harm analysis and requires automatic reversal. In *Flores v. State*, 139 S.W.3d 61 (Tex. App.—Texarkana 2004, pet. ref'd), we noted that while *Sodipo* has not been formally overruled by this state's highest criminal court, that court's subsequent jurisprudence suggests *Sodipo* is, in fact, no longer sound. *See Cain*, 947 S.W.2d at 264. The parties have not directed us to any citations from either the Texas Court of Criminal Appeals or the Twelfth Court of Appeals to suggest our reasoning in *Flores* was incorrect regarding the applicability of harm analysis to an Article 28.10 error. *See* TEX. R. APP. P. 41.3 (in

statutory violation, not a constitutional one. Our procedural appellate rules require us to disregard any nonconstitutional error, defect, irregularity, or variance that does not affect the accused's substantial rights. TEX. R. APP. P. 44.2(b). A "substantial right" is affected "when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). If, on the record as a whole, it appears the error "did not influence the jury, or had but a slight effect," we shall consider the error harmless and allow the conviction to stand. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

The appellant's brief does not suggest any harm arose from the action of the trial court. Even had the appellant made an attempt to present an argument regarding harm which might have resulted from this error, we would not find ourselves persuaded that the trial court's error impacted the appellant's substantial rights.

---

transfer cases, transferee appellate court must decide case in accordance with precedent of transfer court under principles of stare decisis if transferee court's decision otherwise would be inconsistent with precedent of transferor court). Nor has our independent research brought forth any suggestion that *Flores* was incorrect. In fact, other appellate courts have since agreed with our conclusion that an Article 28.10 error requires harm analysis despite *Sodipo*. *See, e.g.*, *Trejos v. State*, 243 S.W.3d 30, 41–42 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Dukes v. State*, 239 S.W.3d 444, 446–48 (Tex. App.—Dallas 2007, pet. ref'd); *see also Curry v. State*, 1 S.W.3d 175, 178–80 (Tex. App.—El Paso 1999) (conducting harm analysis without addressing applicability of *Sodipo*'s automatic reversal doctrine to Article 28.10 error), *aff'd*, 30 S.W.3d 394 (Tex. Crim. App. 2000) (but court did not address issue of *Sodipo*'s continuing applicability, as review of that issue was not granted). Given this trend, and given the fact that the Texas Court of Criminal Appeals has been presented with several opportunities to address this issue in recent years, we continue to believe *Sodipo* has been overruled *sub silentio*.

When trying to determine whether a trial court's error affected a substantial right, we must examine the possible outcomes had the indictment not been amended erroneously. This examination considers two questions:

> whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime.

*Gollihar v. State*, 46 S.W.3d 243, 248 (Tex. Crim. App. 2001) (quoting *United States v. Sprick*, 233 F.3d 845, 853 (5th Cir. 2000)).

The record shows both the State and the appellant fully questioned the prospective jurors during voir dire about the applicable punishment range for aggravated sexual assault of a child, the offense with which the appellant was charged (after the amendment of the indictment) and ultimately convicted. *See* TEX. PENAL CODE ANN. § 12.32 (Vernon 2003) (punishment range for first-degree felony is five to ninety-nine years, or life), § 22.021(e) (Vernon Supp. 2008) (aggravated sexual assault of child is first-degree felony). Both sides discussed with the prospective jurors the various elements of the crime charged as it ultimately appeared in the amended indictment, as well as the appropriate burden of proof. Both sides also discussed with the prospective jurors various evidentiary and credibility issues that arise during trials of persons accused of aggravated sexual assault of a child. The appellant admitted at trial that the State's proposed amendments did not cause him any surprise and that he was prepared to continue with the trial. The original indictment also included references to "Aggravated Sexual Assault" and Section 22.021 of the Texas Penal Code in

5

the heading of that document. We conclude, therefore, that the evidentiary record regarding the first element of the *Sprick* test does not support the conclusion that the trial court's error impacted the appellant's substantial rights because the record shows the appellant was able to prepare for trial on the accusations ultimately submitted to the jury.

We also conclude the record regarding the second element of the *Sprick* test supports the conclusion that the trial court's error will not subject the appellant to being prosecuted later for these same crimes. Aggravated sexual assault "is a conduct-oriented offense in which the legislature criminalized very specific conduct of several different types." *Vick v. State*, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999) (cited for continued approval in *Huffman v. State*, 26 S.W.3d 902 (Tex. Crim. App. 2008)); *and cf. Mathonican v. State*, 194 S.W.3d 59, 64–65 (Tex. App.—Texarkana 2006, no pet.) (concluding sexual assault statute creates conduct-oriented offense). Thus, inasmuch as a jury convicted the appellant of engaging in a specific course of conduct, with a specific victim, on or about the specific date in question, he may not be again subjected to a second trial and punishment for that same conduct. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 14. The record before us conclusively forecloses a finding under *Sprick* that the trial court's error in permitting the State to amend the indictment over the appellant's objection harmed the appellant's substantial rights.

## II.    Sufficient Evidence Supports the Jury's Guilty Verdict

In his second point of error, the appellant contends the evidence is legally insufficient to support his conviction because he maintains that (1) there is no DNA (deoxyribonucleic acid)

evidence linking him to the sexual assaults, (2) the sexual assault nurse examiner (SANE) testified that the appellant could not have perpetrated the crime, (3) the appellant had not had "access" to the child victim during the immediately-preceding three weeks before the assault allegedly occurred, and (4) there is a possibility that someone other than the appellant (including the victim's own brother) committed the crime.

We first note that the appellant was found guilty of two different counts of aggravated sexual assault. The appellant has made no effort to identify which of these counts he believes is not supported by sufficient evidence of guilt, and it is not possible to glean from his discussion of the evidence whether this complaint applies to one charge, to the other charge, or to both charges. In the interest of justice, we assume that his challenge concerns both convictions and discuss the evidence supporting each.

"The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Young v. State*, 242 S.W.3d 192, 197 (Tex. App.—Tyler 2007, no pet.) (referencing *Jackson v. Virginia*, 443 U.S. 307, 320 (1979); *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993)). In examining evidentiary sufficiency, we examine the evidence in the light most favorable to the verdict. *Jackson*, 443 U.S. at 320; *Johnson*, 871 S.W.2d at 186. "A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court." *Young*, 242 S.W.3d at 197 (referencing *Tibbs v. Florida*, 457 U.S. 31, 41–42 (1982)). Evidentiary sufficiency is measured "by the elements of the

7

offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 239–40 (Tex. Crim. App. 1997).[3]

For the first count of aggravated sexual assault in this case, the hypothetically-correct jury charge would require proof that the appellant intentionally or knowingly caused the penetration of the sexual organ of Jane Doe (a pseudonym), a child who was then younger than fourteen years of age and not the appellant's spouse, by inserting his finger. *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2008). The hypothetically-correct jury charge for the second count would require proof that the appellant intentionally or knowingly caused the penetration of the anus of Jane Doe, a child who was then younger than fourteen years of age and not the appellant's spouse, by using the appellant's sexual organ. *See* TEX. PENAL CODE ANN. § 22.021.[4]

Janie Lee, a SANE, testified that she examined the victim, Jane Doe, on December 20, 2006. The victim was eight years old at the time. The victim told Lee at the time of the examination that "My dad's friend put his important part in my bottom." The victim identified this assailant as "Julio."

---

[3]The hypothetically-correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.3d at 240.

[4]Because aggravated sexual assault is a conduct-oriented offense, the manner and means would necessarily constitute an element of the hypothetically-correct jury charge for both charged counts. *Cf. Huffman*, 267 S.W.3d at 906 (discussing why nature-of-conduct crimes require jury unanimity on manner and means); *and contrast Landarian v. State*, 268 S.W.3d 532 (Tex. Crim. App. 2008) (manner and means for result-oriented offenses *not* considered elements to be incorporated into hypothetically-correct jury charge).

The victim later explained that this "important part" was Julio's penis and her "bottom" was her anus. The victim also told Lee that Julio had stuck his finger into her vagina and that he used his finger to penetrate her vagina about three weeks before the sexual assault examination. While Lee said that she observed no tearing or scarring around the victim's sexual organ, she also said this absence of evidence of physical damage was not uncommon; Lee testified it is possible to sexually assault someone without tearing the hymen. Thus, the absence of scarring did not medically disprove the victim's claim of being molested.

During the examination of the victim's anal area, Lee noticed bruising on the outer side of the victim's buttocks. She also noticed "rapid dilation of the anus," which suggested the victim had been conditioned to having her anus penetrated. Lee also observed "an old scar" in the anus, which could not have been caused by the child passing a stool. These injuries were consistent with repeated sexual abuse over a period of time.

On cross-examination, Lee testified that the victim had said that the appellant had not had contact with the victim for three weeks prior to the examination. Lee also suggested that some of the more immediate redness and swelling around the victim's vagina could not have been caused by the appellant if the appellant had not had any contact with the victim during the three weeks that preceded Lee's examination of the victim. However, Lee also told the jury that the bruising around the victim's anus could potentially be consistent with a sexual assault that occurred three weeks earlier due to "the vascularity of the rectum."

9

The victim in this case testified; she was nine years old at the time of trial. She identified the appellant as being her father's friend. She also testified that the appellant had touched her vagina and her anus with his finger and his penis, that the touching hurt her, and that the touching had happened more than once. The victim denied that her older brother had done these things to her and said that the only person who had molested her was the appellant.

On cross-examination, the victim said the appellant had put his finger inside her vagina. She also admitted that her parents had discovered that her sixteen-year-old brother had possessed pornographic videos, but had thrown them away. She denied having watched these videos with her brother.

Angelica Barrera was the State's outcry witness. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (Vernon 2005). Barrera testified that the victim said the appellant had put his penis in her anus. The victim reportedly also told Barrera that the appellant had touched the victim's vagina with his finger.

While there was no DNA evidence brought forth to link appellant to the alleged crimes, we do not believe this absence is adequate to cloud the legal sufficiency of the jury's verdict. Although some of Lee's testimony could be read to suggest that she did not believe the appellant had inserted his finger in the victim's vagina within the seventy-two-hour period preceding the sexual assault examination, Lee also testified that her examination of the child revealed old scars which suggested that molestation had occurred possibly three weeks before the examination date (a point in time

10

when the appellant had been granted access to the child and could have committed the alleged crimes). Finally, while there was evidence that suggested the victim's sixteen-year-old brother (or perhaps any of his friends) had been inside the victim's house during the relevant time period, had a penchant for pornography, and had the possible opportunity to molest the victim, we do not believe such simple speculation casts a sufficient cloud of doubt on the veracity of the other evidence supporting the jury's verdict. Accordingly, we conclude the evidence is legally sufficient to support the appellant's conviction on both counts of aggravated sexual assault of a child.

## III. The Trial Court Did Not Abuse Its Discretion by Allowing Leading Questions

In his third point of error, the appellant contends the trial court erred by permitting the State to ask leading questions during its direct examination of the nine-year-old victim. The appellant asks us to exclude the victim's testimony that resulted from any leading questions propounded by the State to the victim.

We review a trial court's decision to permit leading questions of a party's own witness for abuse of discretion. *Newsome v. State*, 829 S.W.2d 260, 269–70 (Tex. App.—Dallas 1992, no pet.). "A trial court abuses its discretion if its ruling is not based on reasonable interpretations of the law and is outside the zone of reasonable disagreement." *Arroyo v. State*, 259 S.W.3d 831, 836 (Tex. App.—Tyler 2008, pet. ref'd) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)). "Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the testimony of the witness." TEX. R. EVID. 611(c). Our

evidentiary rules also bestow the trial court with wide latitude in controlling the manner and mode of interrogating witnesses "so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." TEX. R. EVID. 611(a). "In cases dealing with child witnesses, the rule against leading questions is somewhat relaxed." *Clark v. State*, 952 S.W.2d 882, 886 (Tex. App.—Beaumont 1997, no pet.) (citing *Moon v. State*, 856 S.W.2d 276, 279 (Tex. App.—Fort Worth 1993, pet. ref'd)).

In *Clark*, the Ninth Court of Appeals reviewed a situation in which the defendant was convicted of child sexual assault and the victim was "young" and obviously very troubled. 952 S.W.2d at 886. The *Clark* court also noted that the victim was cross-examined extensively and much the same testimony was elicited. *Id.*

The reporter's record shows the victim in this case had to be reminded more than once to speak louder, that she appeared to be very reluctant to testify about these events in front of a courtroom full of people, that she was having trouble remembering the events that had occurred over a year before trial, and that she was eventually overcome with emotion during direct examination. The record also shows the appellant was able to cross-examine her and much the same testimony was elicited again during that cross-examination. *Cf. Clark*, 952 S.W.2d at 886; *Trevino v. State*, 783 S.W.2d 731, 733 (Tex. App.—San Antonio 1989, no pet.). The record does not suggest that the

12

State's leading questions supplied this young girl with a false memory. *Accord Newsome*, 829 S.W.2d at 270.

Given the state of this record, we cannot say the trial court abused its discretion or acted outside the zone of reasonable disagreement by permitting the State to ask leading questions during the direct examination of this young girl.

**IV.    The Trial Court Did Not Err By Permitting Barrera To Testify As an Outcry Witness**

In his fourth point of error, the appellant contends the trial court erred by allowing Barrera to testify regarding the hearsay statements of the victim without the State first having given the appellant the requisite pretrial notice.

Texas law excepts the testimony about the outcry made by a child less than thirteen years old regarding sexual abuse from the hearsay rule when such testimony is proffered by the first person over age eighteen to whom the victim made such an outcry. TEX. CODE CRIM. PROC. ANN. art. 38.072. However, as a predicate to that exception, the State must provide advance notice of its intent to offer such testimony at trial, this notice including a summary of the anticipated testimony. *Id.*

The record shows the State failed to provide the appellant with an advance written notice and summary of Barrera's expected outcry testimony. Although the appellant made a proper objection to Barrera's hearsay testimony about the victim's outcry of sexual abuse on the basis of the State's failure to provide prior written notice, the trial court nonetheless permitted Barrera to give such hearsay testimony.

We may not reverse a trial court's judgment based on the erroneous admission of outcry testimony unless the appellate record shows the requisite level of harm emanating from the trial court's error. *Zarco v. State*, 210 S.W.3d 816, 832 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

Here, although the appellant does point out the trial court's error, he makes no attempt to identify any harm which resulted to him as a result of that error (i.e., the admission of Barrera's hearsay testimony about the victim's outcry). Even if that had been attempted, identification of any resulting harm would have been difficult because the jury had already heard much of this same information from the victim herself and—for the most part—the outcry testimony was a reiteration of evidence already otherwise properly admitted. The jury might very well have decided to convict the appellant based on the victim's testimony alone, without consideration of any of Barrera's testimony—which means the appellant might have suffered no harm as a result of the admission of this outcry testimony. As the appellant has made no attempt to argue or demonstrate that the jury's assessment of the victim's credibility shifted from unfavorable to favorable merely as a result of Barrera's testimony regarding the young girl's outcry, we will not make the appellant's argument for him. *See Wyatt v. State*, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000); *see also* TEX. R. APP. P. 38.1(h). In addition, we note that although the appellant brought to the attention of the trial court that no prior written notice of the anticipated outcry testimony had been provided, he also admitted at trial that Barrera's testimony regarding the child's outcry was no surprise to him. Thus, even had the appellant's brief attempted to point out any resulting harm, it is quite unlikely that we would be

persuaded that the record supports the conclusion that the outcome of the trial would have been different without Barrera's testimony.

**V.     The Trial Court Properly Denied the Appellant's Requested Lesser Offense Instruction**

In his final point of error, the appellant contends that the trial court erred by not instructing the jury on a lesser-included offense of indecency with a child by contact under the first count of the indictment.  The victim in this case testified at one point that the appellant's finger did not go "inside" her "important part," but that the appellant had merely touched her "important part."  The appellant contended at trial, as he does now on appeal, that this testimony satisfied the *Rousseau*[5] test for obtaining a lesser-included offense charge; the trial court denied the requested instruction.

In order for there to be a lesser-included offense, "[T]he defendant must be guilty of the lesser offense, but not of the greater." *Dunklin v. State*, 194 S.W.3d 14, 21 (Tex. App.—Tyler 2006, no pet.) (citing *Pickens v. State*, 165 S.W.3d 675, 679 (Tex. Crim. App. 2005)).

Our law states that one statutory offense may be considered a lesser-included offense of another crime if:

> (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

> (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

---

[5]*Rousseau v. State*, 855 S.W.2d 666 (Tex. Crim. App. 1993).

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006); *see also Dunklin*, 194 S.W.3d at 20–21.

However, in determining whether a lesser-included offense exists, Texas courts are to conduct what is known as the cognate-pleadings analysis "in which the court looks to the facts and elements *as alleged in the charging instrument*, and not just to the statutory elements of the offense, to determine whether there exists a lesser-included offense of the greater charged offense." *Hall v. State*, 225 S.W.3d 524, 526 (Tex. Crim. App. 2007) (emphasis added). Under the cognate-pleadings test, a court compares the statutory elements of the greater offense, as modified by the particular allegations in the indictment, with the statutory elements of the lesser offense. *Miles v. State*, 259 S.W.3d 240, 246 (Tex. App.—Texarkana, 2008, pet. filed).

The crime of aggravated sexual assault (as charged in the amended indictment's first count in this case) required proof that the appellant intentionally or knowingly caused the penetration of the victim's sexual organ by using his finger. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B). The "touching" part of the crime of indecency with a child requires proof that the accused engaged in sexual contact with a child under the age of seventeen who was not the accused's spouse.[6]

---

[6]Indecency with a child can likewise be committed by exposing one's genitals or anus to a child or causing the child to expose his or her genitals or anus if the intention is to arouse or gratify the sexual desire of a person. TEX. PENAL CODE ANN. § 21.11(a)(2) (Vernon 2003).

16

TEX. PENAL CODE ANN. § 21.11(a)(2); *Henson v. State*, 173 S.W.3d 92, 101 (Tex. App.—Tyler 2005, no pet.). "Sexual contact" is statutorily defined in this section to mean the touching of certain body parts of the children described above, "if committed with the intent to arouse or gratify the sexual desire of any person." TEX. PENAL CODE ANN. § 21.11(c) (Vernon 2003).

The State maintains that the mens rea of the two offenses is not identical. In the indecency statute, it must be shown that the person acted with the "intent to arouse or gratify the sexual desire of any person," but the sexual assault statute requires only the intention to "knowingly and intentionally" commit the proscribed actions. *Compare* TEX. PENAL CODE ANN. § 21.11 (Vernon 2003), *with* TEX. PENAL CODE ANN. § 22.021. Although it is not argued by the appellant, but using the rationale employed by him, one could also take the position that if a defendant first disrobed a child (thus exposing the child's genitalia) before inserting a finger into the child's vagina, the exposure of the child in that fashion could fit into the definition of indecency with a child and was, therefore, a lesser-included offense of sexual assault.

Although one might infer from the evidence that the appellant would not have had his hand or fingers anywhere near the vagina of the victim unless he possessed the intent to arouse or gratify sexual desire, under the cognate-pleadings test adopted in Texas, the evidence at trial is not the test for a lesser-included offense; rather, the test lies in the pleadings (in this case, the indictment as amended). The Legislature has opted to classify indecency with a child as a sexual offense and sexual assault as an assaultive one. *Compare* TEX. PENAL CODE ANN. § 21.11 (classifying indecency

17

with a child among the sexual offenses against the person), *with* § 22.021 (classifying aggravated sexual assault among the assaultive offenses against the person). Under the cognate-pleadings test we are obligated to follow, unless an indictment in a sexual assault matter were to allege that the indicted person acted with the intention to arouse or gratify sexual desire of some person, indecency with a child would not be a lesser-included offense of sexual assault. *Dudley v. State*, No. 05-07-01083-CR, 2008 Tex. App. LEXIS 8463 (Tex. App.—Dallas Nov. 12, 2008, no pet. h.). This indictment contains no such pleading or assertion.

Accordingly, the trial court did not err by denying the appellant's request for a lesser-included offense instruction on indecency with a child.

## VI.    Conclusion

The record shows that the defendant suffered no surprise or harm as a result of the trial court erroneously permitting the State to amend the indictment over the appellant's objection after the jury had been sworn; accordingly, there was no error in that regard. The trial court did not abuse its discretion by permitting the State to pose leading questions to the nine-year-old victim during its direct examination. Although it was error to have allowed the testimony of the outcry witness without the State's compliance with the prior notice required by Article 38.072 of the Texas Code of Criminal Procedure, no harm has been shown for that error. The offense as pled by the State would support only a charge of sexual assault and could not include indecency with a child as a lesser-included offense; therefore, it was not error to deny the defense's request for such a jury

instruction. Finally, we conclude that the evidence is legally sufficient to support the appellant's convictions under both counts of aggravated sexual assault.

There being no other issues raised, we affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:    December 8, 2008
Date Decided:    February 5, 2009

Publish