**Opinion issued January 30, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00591-CR

———————————

## MATTHEW HAMANN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1326875**

---

## O P I N I O N

A jury convicted appellant, Matthew Hamann, of assault against a person

with whom he had a dating relationship, second offense,[1] and the trial court

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a) (Vernon Supp. 2013) (defining offense of
assault); *id.* § 22.01(b)(2)(A) (providing that assault of family member, person

assessed his punishment at twenty-five years' confinement. In three points of error, appellant argues that: (1) the trial court erred in allowing the State to amend the indictment on the day of trial; (2) the evidence was insufficient to support his conviction; and (3) the trial court improperly allowed the State's fingerprint expert to testify because the State had failed to disclose the expert's name.

We affirm.

## Background

On November 12, 2011, Houston Police Officers E. DeLeon and S. Maldonado answered a call for an assault in progress at 8601 Winkler, an apartment complex near the Gulf Freeway in southeast Houston, and found appellant in the complex's parking lot, standing over Toni Caseras, the complainant, and yelling at her as she huddled in a fetal position on the ground. After restraining appellant, the officers found that Caseras was severely shaken, that she had a "busted lip," and that her abdomen was "very red," signs the officers thought were consistent with her having been assaulted.

Caseras testified that she had met appellant the year before, when both were employees at Kelly's Country Cooking. The two began dating and moved in together in early 2011. By November, Caseras and appellant had been living

with whom appellant has dating relationship, or member of his household is third degree felony if appellant had previous conviction for assault against family member, person with whom he had a dating relationship, or member of his household).

2

together for eight months. On the evening of November 11, they went to a co-worker's barbecue, but, because Caseras was concerned about appellant's drinking, they left the barbecue early and returned home. On the way back, an argument erupted, and, when they arrived home, Caseras ran out of the car and "took a walk," hoping that appellant would calm down by the time she returned. When she came back around midnight, appellant was gone, so she went to bed.

Appellant woke her shortly thereafter by punching her repeatedly, dragging her from the bed, and throwing her on the floor. He kicked her, grabbed her by the hood of her sweatshirt, and dragged her to the front of the apartment to throw her outside. When she begged to be allowed to get her shoes, he let her go back to the bedroom, where she grabbed her cell phone. Appellant then threw her out of the apartment and went back inside to get another beer. When he came back outside, he found Caseras dialing 9-1-1 on her cell phone. He said, "I'm going to kill you" and charged at her just as the first squad car pulled into the parking lot.

Appellant was arrested and charged with assault involving dating violence, second offense. The original indictment alleged that, prior to the instant offense, appellant, "on July 11, 2007, in the 230th District Court of Harris County, Texas, in Cause Number 1122012, was convicted of assault which was committed against a person with whom defendant had a dating relationship." Following the jury's impanelling, but before it was sworn, the State moved to modify the indictment to

3

reflect that the July 11, 2007 conviction was an "assault [against a] family member." The trial court granted the State's motion to amend the indictment over appellant's objection. Previously, approximately one month before the trial, the State had filed its notice of intent to use evidence of prior convictions and extraneous offenses that properly identified the July 11, 2007 conviction that was used in the indictment. The notice also included a November 20, 2008 conviction for assault involving family violence, two additional convictions for assault involving family violence, a conviction for engaging in organized criminal activity, and seven misdemeanor offenses, including criminal trespass, burglary of a motor vehicle, and possession of marijuana.

In order to confirm that appellant was convicted of assault of a family member in 2007, the State called Roy Glover, a fingerprint expert for Harris County, who matched appellant's fingerprint to that on the 2007 judgment. Despite appellant's request for notice of all expert witnesses pursuant to Code of Criminal Procedure article 39.14, the State had not previously disclosed Glover's name. Rather, the State identified only a "fingerprint identification expert" in its subpoena list.

The jury convicted appellant of assault and this appeal followed.

4

## Amendment of Indictment

In his first point of error, appellant argues that the trial court erred in allowing the State to amend the indictment on the day of trial to correct the name of his previous conviction from "assault which was committed against a person with whom defendant had a dating relationship" to "assault-family violence."

Code of Criminal Procedure article 28.10 provides the guidelines for amending an indictment:

> (a)    After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.
>
> (b)    A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.
>
> (c)    An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

See TEX. CODE CRIM. PROC. ANN. art. 28.10 (Vernon 2006). The Court of Criminal Appeals and this Court have previously held that article 28.10 gives a criminal defendant "an absolute veto power" over amendments to the indictment after trial begins. *See James v. State*, No. 01-10-00693-CR, 2012 WL 1355731, at *5–6 (Tex. App.—Houston [1st Dist.] Apr. 19, 2012, pet. ref'd) (opinion

5

designated for publication) (citing *Hillin v. State*, 808 S.W.2d 486, 488–89 (Tex. Crim. App. 1991)). Furthermore, this Court has held that an amendment to an enhancement paragraph in the indictment is likewise subject to the defendant's veto under article 28.10. *See id.* at *6 (citing *Boutte v. State*, 824 S.W.2d 322, 323 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd)).

Here, it is undisputed that the State moved to amend the enhancement paragraph in the indictment after trial on the merits began and that the trial court effectuated the amendment over appellant's objection. Therefore, following *Hillin*, *Boutte*, and *James*, we hold that the trial court erred in granting the State's amendment over appellant's objection.

Appellant argues that violations of article 28.10 are not subject to harmless-error review, relying on the Court of Criminal Appeals' holding to that effect in *Sodipo v. State*, 815 S.W.2d 551 (Tex. Crim. App. 1991). However, as this Court recognized in *James*, that holding was impliedly overruled in *Wright v. State*, 28 S.W.3d 526, 531–32 (Tex. Crim. App. 2000). In *James*, we held that violations of article 28.10 are subject to harmless-error review. 2012 WL 1355731, at *7.

We disregard an article 28.10 violation unless the trial court's error affects the defendant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Gray v. State*, 159 S.W.3d 95, 98 (Tex. Crim. App. 2005) (stating that statutory violation claims are treated as non-constitutional errors for purposes of conducting harm analysis);

6

*James*, 2012 WL 1355731, at \*7. An error affects a substantial right "when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Trejos v. State*, 243 S.W.3d 30, 41 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (quoting *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). If, looking at the record as a whole, it appears the error "'did not influence the jury, or had but a slight effect,' we must consider the error harmless and allow the conviction to stand." *Id.* at 41–42 (quoting *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)). "To determine whether the trial court's error affected a substantial right, we examine the possible outcomes had the indictment not been erroneously amended." *Id.* at 42. The critical inquiry is whether the indictment as written sufficiently informed the defendant of the charge against him to allow him to prepare an adequate defense at trial and whether prosecution under the original indictment would subject the defendant to the risk of being prosecuted later for the same crime. *Id.* (citing *Gollihar v. State*, 46 S.W.3d 243, 248 (Tex. Crim. App. 2001)).

Here, the original indictment included an enhancement paragraph identifying appellant's previous conviction for family assault as an assault against someone with whom appellant was in a dating relationship. The date of conviction, cause number, and trial court were all identified correctly in the original indictment. Both crimes—assault against a person with whom a defendant had a dating

7

relationship and assault against a family member—are covered by the same subsection of the Penal Code, and either could have supported appellant's indictment for assault against a person with whom he had a dating relationship as a second offender. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (Vernon Supp. 2013) (providing that assault of family member, person with whom appellant has dating relationship, or member of his household is third degree felony if appellant had previous conviction for assault against family member, person with whom he had a dating relationship, or member of his household). Furthermore, the State properly identified the previous conviction in the notice of intent to use evidence of prior convictions and extraneous offenses that it sent to appellant a month before trial.

Thus, the record demonstrates that the original indictment sufficiently informed appellant of the charge against him to allow him to prepare an adequate defense, and it also demonstrates that appellant's prosecution under the original indictment would not subject him to the risk of later prosecution for the same offense. *See Trejos*, 243 S.W.3d at 42. Had the indictment not been amended, the State could have still presented evidence of appellant's previous conviction, in spite of the fact that it was a conviction for assault against a family member, rather than an assault against someone with whom appellant had a dating relationship. Such a variance between the indictment and the proof offered at trial is considered

8

immaterial. *See Freda v. State*, 704 S.W.2d 41, 42–43 (Tex. Crim. App. 1986) (holding there was no fatal variance between facts alleged in indictment and facts proved at trial when indictment alleged appellant was previously convicted of felony bank robbery and appellant was not surprised to his prejudice when actual proof at trial instead demonstrated prior conviction for conspiracy to commit bank robbery); *Simmons v. State*, 288 S.W.3d 72, 80 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (recognizing that "variances between an indictment and the proof of cause numbers, courts, and dates of conviction in enhancement paragraphs have been held not to be material"). Thus, we cannot conclude that appellant's substantial rights were prejudiced under these circumstances.

We overrule appellant's first point of error.

## Sufficiency of the Evidence

In his second point of error, appellant argues that the evidence supporting his conviction was legally insufficient because the State did not present evidence of a previous conviction for assault "which was committed against a person with whom the defendant had a dating relationship," as alleged in the original indictment.

When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also*

9

*Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (holding that *Jackson* standard is only standard to use when determining sufficiency of evidence). The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks*, 323 S.W.3d at 899.

In challenging the evidence supporting his conviction for the assault against Caseras, appellant argues only that, because the State's evidence of his July 11, 2007 conviction for assault in cause number 1122012 established that it was a conviction for assault of a family member, it was legally insufficient to establish that he was previously convicted of an assault against a person with whom he had a dating relationship, as alleged in the original indictment.

This Court has recognized that "variances between an indictment and the proof of cause numbers, courts, and dates of conviction in enhancement paragraphs have been held not to be material." *Simmons*, 288 S.W.3d at 80 (citing *Freda*, 704 S.W.2d at 42–43). In *Freda*, the Court of Criminal Appeals held that a variance between the name of a prior offense alleged in an enhancement paragraph of the indictment and the name of the prior offense proved at trial will not be material or require reversal without a showing of surprise or prejudice. 704 S.W.2d at 43. The record here does not reveal that appellant was surprised or prejudiced by the variance between the offense originally named in the enhancement paragraph of his indictment and the offense as proved at trial. The original indictment correctly

10

identified his prior conviction by date, cause number, and convicting court, and the State properly identified the previous conviction in its notice of intent to use evidence of previous convictions and extraneous offenses. Appellant does not argue that the State failed to provide adequate proof of his previous conviction for an assault against a family member. Thus, the variance between the name of the prior offense originally alleged in the indictment and the name of the prior offense proved at trial is not material here and does not require reversal. *See id.*

We overrule appellant's second point of error.

### Failure to Disclose Witness

In his third point of error, appellant contends that the trial court erred in allowing Roy Glover, fingerprint expert for Harris County, to testify after the State failed to disclose his name in its witness list.

Generally, notice of the State's witnesses must be given upon request by the defense. *Martinez v. State*, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993). If the trial court allows a witness who was not on the State's list to testify, we review that decision for an abuse of discretion. *See id.*; *Hardin v. State*, 20 S.W.3d 84, 88 (Tex. App.—Texarkana 2000, pet. ref'd). Among the factors a reviewing court considers in determining whether a trial court abused its discretion by allowing a witness who is not on the State's witness list to testify are (1) whether the State's actions in calling a previously undisclosed witness constituted bad faith, and (2)

11

whether the defendant could have reasonably anticipated that the witness would testify. *Wood v. State*, 18 S.W.3d 642, 649 (Tex. Crim. App. 2000) (citing *Nobles v. State*, 843 S.W.2d 503, 514–15 (Tex. Crim. App. 1992)). In determining whether the State acted in bad faith, the principal area of inquiry is whether the defense shows that the State intended to deceive the defendant by failing to provide the defense with a witness's name. *See Nobles*, 843 S.W.2d at 515. In examining whether the defense could have reasonably anticipated that the State would call the witness, reviewing courts generally examine (1) the degree of surprise to the defendant; (2) the degree of disadvantage inherent in that surprise (i.e., the defendant was aware of what the witness would say, or the witness testified about cumulative or uncontested issues); and (3) the degree to which the trial court was able to remedy that surprise (i.e., by granting the defense a recess, postponement, or continuance, or by ordering the State to provide the witness's criminal history). *See Martinez*, 867 S.W.2d at 39; *Nobles*, 843 S.W.2d at 515; *Martinez v. State*, 131 S.W.3d 22, 29 (Tex. App.—San Antonio 2003, no pet.); *Hardin v. State*, 20 S.W.3d 84, 88 (Tex. App.—Texarkana 2000, pet. ref'd).

Here, there is no evidence that the State acted in bad faith. It timely disclosed a list of its witnesses that provided generally that it intended to call a fingerprint identification expert, and there is no evidence that appellant inquired further as to the identity of the expert witness at a time when the State would know

12

the witness's identity. In *Young v. State*, the Court of Criminal Appeals addressed a similar situation in which the State did not provide the names of its witnesses for the punishment phase of trial because it did not know which witnesses it would call. 547 S.W.2d 23, 27 (Tex. Crim. App. 1977). The court found that because Young did not inquire further as to which witnesses the State would call at a time when the State would know, the trial court did not abuse its discretion in admitting the testimony. *Id.* Thus, we conclude that appellant has failed to show that the State intended to deceive him by failing to provide him with Glover's name. *See Nobles*, 843 S.W.2d at 515.

Furthermore, the record demonstrates that appellant could have reasonably anticipated that the fingerprint expert would testify. *See Martinez*, 867 S.W.2d at 39; *Nobles*, 843 S.W.2d at 515. While the fact that Glover was the designated fingerprint expert was a surprise to appellant, the degree of disadvantage inherent in that surprise was minimal because appellant was aware that the State would call a fingerprint expert to testify and that the State intended to introduce evidence of his previous convictions. *See Gowin v. State*, 760 S.W.2d 672, 674 (Tex. App.—Tyler 1988, no pet.) (holding that, when State failed to identify fingerprint expert by name until morning of trial, trial court did not abuse its discretion in allowing expert's testimony because defendant knew that State intended to prove prior DWI convictions and should have reasonably anticipated that State would call expert

13

fingerprint witness to do so). And the trial court allowed appellant to question Glover before he testified, effectively remedying any surprise regarding the expert's identity. *See Stoker v. State*, 788 S.W.2d 1, 14–16 (Tex. Crim. App. 1989) (concluding that trial court did not err in allowing unnamed witness to testify as to identity of illicit substance in part because trial court granted brief continuance during trial for defense counsel to interview witness), *disapproved of on other grounds by Leddy v. State*, 983 S.W.2d 713 (Tex. Crim. App. 1998). Thus, we conclude that the trial court did not abuse its discretion in allowing Glover to testify. *See Martinez*, 867 S.W.2d at 39; *Nobles*, 843 S.W.2d at 515.

Appellant cites *Oprean v. State* to support his argument that the trial court erred in allowing Glover to testify. However, *Oprean* is distinguishable because it involved the State's willful refusal to obey a discovery order. *See* 201 S.W.3d 724, 727–28 (Tex. Crim. App. 2006) (holding that State willfully withheld video tape depicting one of defendant's prior offenses, despite multiple requests and opportunities to produce it, and remanding case to trial court to determine whether defendant suffered any harm from tape's admission). Here, as we stated above, there is no indication in the record that the State willfully withheld Glover's name or otherwise acted in bad faith. The State timely disclosed its intention to use a fingerprint identification expert and its intention to use evidence of appellant's prior convictions for family-violence assault.

We overrule appellant's third point of error.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Publish.   TEX. R. APP. P. 47.2(b).