

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00154-CR

SAMUEL TUCKER,

                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                    Appellee

From the 12th District Court
Walker County, Texas
Trial Court No. 27898

## MEMORANDUM  OPINION

Appellant Samuel Alan Tucker was found guilty by a jury of the offense of bail jumping and failure to appear.  The jury found an enhancement accusation true and assessed Tucker's punishment at seventeen years' incarceration.  Tucker appeals in three issues.  We will affirm.

### Issues

Tucker asserts that his conviction should be overturned for the following reasons:

1) The trial court erred in permitting the State to amend the indictment over Tucker's objection after trial had commenced;

2) The trial court abused its discretion in denying Tucker's request to redact a State exhibit to remove the initials "FTA;" and

3) The evidence is insufficient to support the jury's verdict.

## *Background*

Tucker was convicted by a jury in Cause Number 27,546 of evading arrest or detention with a vehicle and sentenced to fifteen years' incarceration. Prior to trial in that case, Tucker was released on bail. Although Tucker was present on the first day of trial, he did not appear for the remainder of the trial. The trial court issued a warrant for Tucker's arrest. Deputy Byron Bush with the Walker County Sheriff's department testified about his attempts to locate Tucker locally and his inability to find him. Bush contacted the Gulf Coast Violent Offender and Fugitive Task Force for assistance. The Task Force apprehended Tucker in Alabama, and Tucker was subsequently returned to Walker County. Tucker was then indicted in the present case for bail jumping and failure to appear.

## *Sufficiency of the Evidence*

In his third issue, Tucker argues that the evidence introduced at trial was insufficient to support his conviction. Specifically, Tucker argues that the evidence did not show that he knew that he was obligated to return to court after the first day of trial. In support, Tucker points to the testimony of Ron Voyles, the attorney who represented him on the evading arrest charge. Voyles testified that he did not know if Tucker was aware of his obligation to appear again after the first day of trial had concluded.

The Court of Criminal Appeals has expressed our constitutional standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). If the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S.Ct. at 2793. Further, direct and circumstantial evidence are treated equally: "[c]ircumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder "is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties."

*Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *Gerron v. State*, 524 S.W.3d 308, 317 (Tex. App.—Waco 2016, pet. ref'd).

We measure the sufficiency of the evidence by the elements of the offense as defined in a hypothetically correct jury charge for the case. *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011). Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*; *Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001). The law as authorized by the indictment means the statutory elements of the charged offense as modified by the charging instrument. *Gollihar*, 46 S.W.3d at 254.

In order to convict a defendant of the offense of bail jumping and failure to appear, the state is required to prove beyond a reasonable doubt that the defendant (1) was lawfully released from custody, with or without bail; (2) on the condition that he subsequently appear; and (3) that he intentionally or knowingly failed to appear in accordance with the terms of his release. *Ferguson v. State*, 506 S.W.3d 113, 115 (Tex. App.—Texarkana 2016, no pet.); *see* Tex. Penal Code Ann. § 38.10(a) (West 2016). The culpable mental state cannot be shown "absent proof the defendant had notice of the proceeding at which he failed to appear." *Richardson v. State*, 699 S.W.2d 235, 238 (Tex. App.—Austin 1985, pet. ref'd) (per curiam) (op. on reh'g). Proof that a defendant is free

under an instanter bond is *prima facie* proof of notice to appear. *Johnson v. State*, 416 S.W.3d 602, 606 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see Euziere v. State*, 648 S.W.2d 700, 702 (Tex. Crim. App. 1983). In order to be adequate proof, the bond must state whether the defendant is charged with a misdemeanor or felony and must set forth the time, place, and court where the defendant is required to appear. *Ferguson*, 506 S.W.3d at 116; Tex. Code Crim. Proc. Ann. art. 17.08 (West 2015).

At trial, the State offered a copy of Tucker's appearance bond into evidence, which provides, in pertinent part:

> CONDITIONED that whereas, the said Samuel A. Tucker stands charged by indictment with a felony, to wit: evading arrest det, w/veh./FTA.
> Now, if the said Samuel A. Tucker shall well and truly make his personal appearance before the District Court of Walker County, Texas, instanter, at the next term of said Court, at Huntsville, Texas and there remain from day to day and term to term, until discharged by due course of law, then and there to answer said accusation and any and all subsequent proceedings had relative to the charge against, [sic] him, then this obligation shall become null and void; otherwise to remain in full force and effect.

State's Exhibit 5. The bond notified Tucker that he was charged with a felony, that he was to appear before the district court of Walker County, Texas, instanter, and to remain there "until discharged by due course of law." The bond itself satisfies the State's burden of proving the requisite mental state unless Tucker establishes evidence to the contrary. *Johnson*, 416 S.W.3d at 607.

It is a defense to prosecution that a defendant has a reasonable excuse for his failure to appear in accordance with the terms of his release. Tex. Penal Code Ann. §

38.10(c). Tucker provided no excuse for his failure to appear. While there was evidence that neither the trial court nor Tucker's trial counsel specifically informed him that he was required to return to court the second day of trial, there is also no evidence that Tucker was "discharged by due course of law" after the first day of trial. Nor was there any evidence that Tucker was given directions by the trial court, his attorney or his bondsman contrary to the terms of the bond agreement. Based on this record, a rational jury could have believed that Tucker intentionally and knowingly failed to appear in accordance with the terms of his release. Accordingly, Tucker's third issue is overruled.

### *Amended Indictment*

In his first issue, Tucker asserts that the trial court erred in granting the State leave to amend the indictment over his objection and that the error cannot be considered harmless. After the jury was selected and sworn, the State moved to amend the indictment to reflect the correct dates the evading arrest trial occurred and to delete Exhibit A. Although Tucker objected, the trial court granted the State's request. The State concedes that the trial court's ruling was incorrect, but argues that the error was harmless.

Article 28.10 of the Code of Criminal Procedure provides, in pertinent part, that a matter of form or substance in an indictment may be amended after the trial on the merits commences if the defendant does not object. TEX. CODE CRIM. PROC. ANN. art. 28.10(b) (West 2006). Article 28.10 in effect gives a defendant "an absolute veto power" over amendments to the indictment after trial begins. *Hamann v. State*, 428 S.W.3d 221, 225 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Assuming without deciding that the trial court's ruling was erroneous, we conclude that any error was harmless.

Except for certain federal constitutional errors deemed structural by the United States Supreme Court, no error is categorically immune to a harmless error analysis. *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); *see also Brock v. State*, 495 S.W.3d 1, 15 (Tex. App.—Waco 2016, pet. ref'd). We treat error as structural only if the United States Supreme Court has labeled it as such. *Lake v. State*, 532 S.W.3d 408, 411 (Tex. Crim. App. 2017). The error presented by Tucker involves a statutory violation, not a structural or constitutional one, thereby mandating a harmless error analysis. *See Gray v. State*, 159 S.W.3d 95, 98 (Tex. Crim. App. 2005) ("when only a statutory violation is claimed, the error must be treated as non-constitutional for the purpose of conducting a harm analysis").

Tucker argues that prior authority from the Court of Criminal Appeals precludes a harmless error analysis in cases involving violations of art. 28.10. *See Sodipo v. State*, 815 S.W.2d 551, 556 (Tex. Crim. App. 1991) (op. on reh'g) and *Hillin v. State*, 808 S.W.2d 486, 488 (Tex. Crim. App. 1991) (plurality op.). However, both *Sodipo* and *Hillin* were impliedly overruled in *Wright v. State*, 28 S.W.3d 526, 531-32 (Tex. Crim. App. 2000) (superseded by statute on other grounds). *See Hamann*, 428 S.W.3d at 225; *see also Dukes v. State*, 239 S.W.3d 444, 447 (Tex. App.—Dallas 2007, pet. ref'd); *Padilla v. State*, 278 S.W.3d 98, 102 n.2 (Tex. App.—Texarkana 2009, pet. ref'd). Further, the harmless error standard is also mandated by Rule 44.2, which was amended subsequent to both *Sodipo* and *Hillin*. *Padilla*, 278 S.W.3d at 102. Specifically in regard to an alleged violation of art. 28.10(b), this Court and other intermediate courts of appeal have determined a harmless error analysis is appropriate. *See Westfall v. State*, 970 S.W.2d 590, 596 (Tex. App.—Waco

1998, pet. ref'd); *see also Mason v. State*, No. 10-05-00053-CR, 2006 WL 348578, at \*2-3 (Tex. App.—Waco Feb. 15, 2006, pet. ref'd) (mem. op., not designated for publication); *accord Padilla*, 278 S.W.3d at 102; *Trejos v. State*, 243 S.W.3d 30, 41 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Scoggins v. State*, No. 03-04-00555-CR, 2006 WL 1126185, at \*2 (Tex. App.—Austin Apr. 27, 2006, pet. ref'd) (mem. op., not designated for publication).[1] We conclude that a violation of art. 28.10(b) is subject to a harmless error analysis. We next consider whether the trial court's error was harmless.

We disregard an article 28.10 violation unless the trial court's error affects a defendant's substantial rights. TEX. R. APP. P. 44.2(b). An error affects a defendant's substantial rights when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Hamann*, 428 S.W.3d at 225. If, when looking at the record as a whole, it appears that the error did not influence the jury or had but a slight effect, we must consider the error harmless and allow the conviction to stand. *Id*. at 226. "The critical inquiry is whether the indictment as written sufficiently informed the defendant of the charge against him to allow him to prepare an adequate defense at trial and whether prosecution under the original indictment would subject the defendant to the risk of being prosecuted later for the same crime." *Id*.

In the present case, Tucker was aware of the dates of his prior trial as he was present on the day the trial began. He could not, therefore, have been surprised by the

---

[1] Under Rule 47.7(a) of the Rules of Appellate Procedure, unpublished memorandum opinions not designated for publication, including those from sister courts, have no precedential value but may be cited with the notation, "(not designated for publication)." *Brock v. State*, 495 S.W.3d 1, 8 (Tex. App.—Waco 2016, pet. ref'd). Unpublished memorandum opinions are persuasive rather than binding precedent that the court may follow or reject. *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

State's request to amend the indictment to include the correct dates. Also, Tucker did not request additional time to prepare a defense, nor has he identified any evidence or defenses that were made unavailable due to lack of sufficient notice. Finally, "[t]he indictment alleged the prior conviction with sufficient specificity, by including the correct county, court, offense, cause number, month and year to put appellant on notice to prepare for proof of the conviction." *Valenti v. State*, 49 S.W.3d 594, 599 (Tex. App.—Fort Worth 2001, no pet.). As to the second ground, the specificity in the indictment, as well as the entire trial record, were sufficient to enable Tucker to raise a defense of double jeopardy if the State attempted to try him again for the same offense. *See Gollihar*, 46 S.W.3d at 258. We conclude that the amendment to the indictment over Tucker's objection did not affect Tucker's substantial rights. Tucker's first issue is overruled.

### *Evidentiary Ruling*

In his second issue, Tucker argues that the trial court erred by admitting State's Exhibit 5 without redacting the initials "FTA." We review a trial court's admission of evidence for an abuse of discretion. *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). As long as the trial court's ruling falls within the zone of reasonable disagreement, we will affirm that decision. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). We will uphold a trial court's ruling if it is reasonably supported by the record and correct under any theory of law applicable to the case. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

The trial court directed that State's Exhibit 5 be redacted to remove any highlighting, but did not direct removal of the initials "FTA." The discussion by counsel

with the trial court indicates that Tucker had failed to appear at some point during his prosecution in Cause Number 27,546, and an additional bond was set. The new bond added the initials "FTA" to the other charges against Tucker for evading arrest or detention with a vehicle. State's Exhibit 5 has "FTA" written in two separate places—pages 1 and 3. On both pages, "FTA" appears as part of the offense for which Tucker was released on bail—"Evading Arrest Det w/Vehicle/FTA." After Exhibit 5 was admitted, the State published the exhibit to the jury. "FTA" was never defined or explained to the jury, and there were no references to the "FTA" initials on Exhibit 5 by either the witnesses who testified or the State's attorney in closing argument.

Even assuming that the trial court erred by admitting State's Exhibit 5 without redaction, we conclude any error was harmless. Error in the admission of evidence is nonconstitutional error. *Gonzalez*, 544 S.W.3d at 373; *see also Luna v. State*, 301 S.W.3d 322, 326 (Tex. App.—Waco 2009, no pet.). As previously noted, nonconstitutional errors require reversal only if they affect an appellant's substantial rights, and an error affects a defendant's substantial rights when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Hamann*, 428 S.W.3d at 225. If, when looking at the record as a whole, it appears that the error did not influence the jury or had but a slight effect, we must consider the error harmless and allow the conviction to stand. *Id.* at 226. Considering the clear evidence of Tucker's guilt, we conclude that the undefined and unexplained "FTA" had no, or at most a slight, effect on the jury's verdict. Any error in the trial court's decision to admit State's Exhibit 5 without redaction did not, therefore, affect Tucker's substantial rights. Tucker's second issue is overruled.

Having overruled all of Tucker's issues, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed December 12, 2018
Do not publish
[CR25]

